1    THOMAS M. MCINERNEY, SBN 162055
tmm@ogletree.com
2    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Embarcadero Center, Suite 900
3    San Francisco, CA 94111
Telephone:    415-442-4810
4    Facsimile:    415-442-4870

5    CHRISTOPHER W. DECKER, SBN 229426
christopher.decker@ogletree.com
6    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
400 South Hope Street, Suite 1200
7    Los Angeles, CA 90071
Telephone:    213- 239-9800
8    Facsimile:    213-239-9045

9    DANIEL E. RICHARDSON, SBN 289327
daniel.richardson@ogletree.com
10    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Capitol Mall, Suite 2500
11    Sacramento, CA 95814
Telephone:    916-840-3150
12    Facsimile:    916-840-3159

13    Attorneys for Defendant
VITALANT
14

15                 **UNITED STATES DISTRICT COURT**

16                 **NORTHERN DISTRICT OF CALIFORNIA**

17

18    CHAMARIE SPEARS, an individual, on behalf
of herself and on behalf of all persons similarly
19    situated,

20               Plaintiff,

21        vs.

22    VITALANT, a corporation; and DOES 1 through
50, inclusive,
23

24            Defendant.

25

| | |
|---|---|
| | Case No. |
| | **DEFENDANT VITALANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| | *[Filed Concurrently with Certificate of Interested Parties; Declaration; Disclosure Statement; and Civil Cover Sheet.]* |
| | Action Filed:    August 11, 2022<br>Trial Date:     None Set |

26

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Vitalant ("Defendant" or "Vitalant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446 and 1453.  As discussed below, this Court has original jurisdiction over this matter on the grounds that the federal question jurisdiction of this Court is invoked and pursuant to the Class Action Fairness Act ("CAFA").

## I.   THE STATE COURT ACTION

On August 11, 2022, Plaintiff filed a Complaint in the Superior Court of California, County of San Mateo, captioned *Chamarie Spears, an individual, on behalf of herself and on behalf of all persons similarly situated v. Vitalant, a Corporation, and Does 1 through 50, inclusive,* case number 22-CIV-03291.  The Complaint alleges claims for: (1) Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200, *et seq.;* (2) Failure to Pay Minimum Wages in Violation of Cal. Lab. Code § 1194, 1197 & 1197.1; (3) Failure to Pay Overtime Wages in Violation of Cal. Lab. Code § § 226.7 & 512 and the Applicable IWC Wage Order; (4) Failure to Provide Required Meal Periods In Violation of Cal. Lab. Code § § 226.7 & 512 and the Applicable IWC Wage Order; (5) Failure to Provide Required Rest Periods In Violation of Cal. Lab. Code § § 226.7 & 512 and the Applicable IWC Wage Order; (6) Failure to Provide Accurate Itemized Statements In Violation of Cal. Lab. Code § 226; (7) Failure to Reimburse Employees for Required Expenses in Violation of Cal. Lab. Code § 2802; (8) Failure to Pay Sick Wages in Violation of Cal. Lab. Code § § 201-204, 233, 246; (9) Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures [15 U.S.C. § 1681, *et seq.*]; and (10) Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization [15 U.S.C. § 1681, *et seq.*].

On September 29, 2022, Defendant's registered agent for service of process was served with the Summons and Complaint. (Declaration of Daniel E. Richardson in Support of Defendant Vitalant's Notice of Removal of Civil Action to Federal Court ("Richardson Decl."), ¶ 2.) A true and correct copy of the filed Complaint is attached to this Notice of Removal ("Notice") as **Exhibit A.**
/ / /

As further required by 28 U.S.C. § 1446(a), Defendant provides this Court with copies of all process, pleadings, and orders received by Defendant in this action.  True and correct copies of these documents are attached as **Exhibit B** to this Notice of Removal.  Defendant has not been served with any pleadings, process, or orders besides those attached.  (Richardson Decl., ¶ 3.)

## II.   VENUE

In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending.  The Superior Court of the State of California for the County of San Mateo is located within the Northern District of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.   INTRADISTRICT ASSIGNMENT

Pursuant to Local Rule 3-2(d), Removal and Intradistrict Assignment to the San Francisco Division or Oakland Division of this Court is proper because the alleged acts in Plaintiff's Complaint arose in the County of San Mateo.

This case is related to *Ruby Danielsson v. Blood Centers of the Pacific, et al.,* Case No. 3:19-cv-04592-JCS, in the United States District Court, Northern District, which was recently adjudicated by Magistrate Judge Spero. After removal, Vitalant intends on filing an Administrative Motion to Consider Whether Cases Should be Related pursuant to Local Rule 3-12 on the grounds that both actions involve plaintiffs asserting the same claims against Vitalant arising from alleged violations of the California Labor Code on behalf of themselves and Vitalant's non-exempt California employees.

## IV.   REMOVAL OF THIS ACTION IS APPROPRIATE AS THIS COURT HAS FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

"The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331.  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

1   This action arises under the laws of the United States because Plaintiff brings claims under

2   Fair Credit Reporting Act ("FCRA").  This Court has original jurisdiction over all claims which are

3   brought under the FCRA, and thus removal of this action is proper.  *See*, e.g., *Smith v. Quality Loan*

4   *Serv. Corp.*, No. Civ S-11-2108 KJM-EFB, 2012 WL 202055, at *6 (E.D. Cal. Jan. 23, 2012) (finding

5   that removal based on FCRA was proper).

6   Plaintiff brings the claims under the FCRA on behalf of a nationwide putative class.

7   Specifically, the FCRA class is alleged to include "all employees or prospective employees of

8   DEFENDANT in the United States who executed DEFENDANT's standard FCRA disclosure form

9   …" (Complaint at ¶ 54.)

10  **V.    THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS**

11  **ACT**

12  Based on Vitalant's investigation of the relevant records, this Court also has original

13  jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d) and accordingly Vitalant may remove

14  this action pursuant to 28 U.S.C. § 1441.  Original jurisdiction exists here because: (1) there are at

15  least 100 class members in the proposed class; (2) Vitalant is a citizen of a different state than at least

16  one class member; and (3) the combined claims of all class members exceed $5 million. *See* 28

17  U.S.C. §§ 1332(d)(2) and (d)(6).

18  In *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 87 (2014), the U.S. Supreme

19  Court provided significant clarification to the standards applicable to notices of removal in CAFA

20  cases, establishing a much more liberal standard in favor of removing defendants.  The U.S. Supreme

21  Court held that a removal must only contain "a short and plain statement of the grounds for removal."

22  *Id.* at 553 (quoting 28 U.S.C. § 1446(a)).  The Court noted that this same language is used for the

23  pleading standard in Rule 8(a) of the Federal Rules of Civil Procedure.  *Id.*  The use of this language

24  in the removal statute was intentional—clearly indicating that courts should apply the same liberal

25  pleading standards to notices of removal as they should to plaintiffs' complaints and other pleadings.

26  *Id.*  The Court further held that a removing defendant need not submit evidence with its pleading that

27  establishes that the elements of federal subject matter jurisdiction are met. *Id.* at 552-53.  Only if the

28  court or another party challenges jurisdiction should the court require a removing defendant to prove,

under the applicable "preponderance" standard, that the jurisdictional requirements are met. *Id.* at 553-54. The Court summarized its holding as follows: "[i]n sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554. Also, there is no "presumption against removal" in CAFA cases, because CAFA was specifically enacted by Congress "to facilitate adjudication of certain class actions in federal court." *Id.*

### A.   There Are At Least 100 Class Members In The Putative Class

Plaintiff has alleged a class of persons (the putative class) that includes all of Defendant's non-exempt employees in California from August 11, 2018 (four years prior to the filing of the Complaint) to the present, (the purported "Class Period"). (Complaint at ¶ 35.)

Plaintiff's Complaint does not allege any specifics as to the number of persons who meet the class or sub-class definitions. However, Vitalant has undertaken to approximate the number of employees it employed in California during the purported Class Period. Currently, Defendant employs at least 598 non-exempt employees in California, and employed at least that many non-exempt workers during much of the purported Class Period. (Declaration of Elizabeth Sweeley in Support of Removal ("Sweeley Decl."), ¶ 3.) Furthermore, Defendant has identified at least 635 former non-exempt employees who were employed during the class period. (*Id.*) Therefore, the number of putative class members exceeds 100 individuals and the first requirement for CAFA jurisdiction is satisfied.

### B.   Any Class Member Is a Citizen Of A Different State Than Any Defendant

To find diversity under CAFA, this Court need only find that there is diversity between one putative class member and one defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a). Vitalant is an Arizona non-profit corporation with its principal place of business in Arizona. (Declaration of Bhavi A. Shah in Support of Removal ("Shah Decl."), ¶ 3.) Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

A corporation's headquarters is presumptively the location of its "principal place of business…." *Hertz v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("[I]n practice [a company's principal place of business] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination, *i.e.*, the 'nerve center'"….)

Vitalant is a non-profit corporation formed and organized in the State of Arizona. (Shah Decl., ¶ 3.)   Vitalant's headquarters—which is its principal place of business and the center of its executive and administrative functions—is in the State of Arizona.  (*Id*.) For the purposes of federal diversity jurisdiction, Vitalant is a citizen of Arizona, and Plaintiff is a California resident. (Complaint at ¶ 5.)  Therefore, the minimal diversity requirement of 28 U.S.C. 1332(d) is met in this action because Defendant is a citizen of Arizona while Plaintiff is a citizen of California. (Complaint at ¶ 5.)

The exceptions to CAFA jurisdiction under 28 U.S.C. § 1332(d)(3) and (d)(4) are inapplicable because Defendant is not a citizen of California.  As such, the requirement for CAFA jurisdiction is satisfied.

**C.**   **The Combined Claims Of All Class Members (the "Amount In Controversy") exceeds $5 million.**

With respect to CAFA's $5,000,000 threshold for the "amount in controversy," it is not the same as the amount ultimately recovered.  *Lara v. Trimac Transp. Servs. Inc.,* 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010).  Rather, in assessing the amount in controversy, a court must "assume that all the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by Plaintiff's complaint, not what Defendant will actually owe.  *Rippee v. Boston Market Corp.,* 408 F.Supp.2d 982, 986 (S.D. Cal 2005).  In other words, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010)(citing *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008).  "The amount in controversy is determined by the

universe of what the plaintiff puts at-issue in the complaint." *Schiller v. David's Bridal, Inc.,* 2010 WL 2793650, at *6 (E.D. Cal. July 14, 2010). To establish the amount in controversy, a defendant "need not concede liability for the entire amount," and it is error for a district court to require such a showing. *Lewis,* 627 F.3d at 400; *see also Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir. 1993)("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004)(stating that "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint," and that the court may also consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal)(citations omitted).

**Minimum Wages:** Plaintiff's Second Cause of Action alleges Vitalant "maintained a wage practice of paying PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work." (Complaint at ¶ 84.) Plaintiff alleges Vitalant implemented "a policy and practice that denies compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay." (Complaint at ¶ 85.) Plaintiff further alleges Vitalant "inaccurately calculated the correct time worked and consequently underpaid the actual time work by Plaintiff and other members of the CALIFORNIA LABOR SUB-CLASS." (Complaint at ¶ 86.) Plaintiff alleges Vitalant "acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations." (*Id.*) Plaintiff has asserted a UCL claim for restitution with respect to the alleged minimum wages, rendering a four-year statute of limitations applicable to Plaintiff's claim.

While Plaintiff does not provide a clear number of minimum wage violations alleged, applying a weekly hour violation rate has been accepted by the federal courts as a reasonable and conservative figure where the plaintiff fails to provide specific allegations concerning the frequency of which he worked without being provided the requisite minimum wage compensation. *See, e.g., Cabrera v. South Valley Almond Co., LLC,* No. 1:21-CV-00748-AWI-JLT, 2021 WL 5937585, at *8 / / /

(E.D. Cal. Dec 16, 2021) (assumption of one hour of unpaid minimum wages reasonable where alleged violations at issue due to "policies and/or practices").

Based on a review of Vitalant's business records relating to the putative class members, Vitalant employed 1,233 non-exempt employees in California who worked approximately 130,367 workweeks, and earned approximately $29.26 on average. For the purposes of this removal, Vitalant conservatively assumes each putative class members was owed one hour of unpaid minimum wage for each week they worked for a total of 130,367 minimum wage hours at issue in this case. (Sweeley Decl., ¶ 4.) Based on this assumption, the amount in controversy for the minimum wage claim is **$3,814,547.** This figure is calculated as follows: $29.26 (average hourly wage of $29.26 per hour) x 1 hour (number of hours of unpaid minimum wages per week) X 130,267 (total number of weeks for which the entire putative class was employed). Additionally, Vitalant's calculation of the amount in controversy for this claim is conservative in that it does not include liquidated damages under California Labor Code section 1194.2.

**Overtime Wages:** Plaintiff's Third Cause of Action alleges Vitalant implemented "a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) in a workday, and/or forty (40) hours in any workweek." (Complaint at ¶ 99.)  Plaintiff further alleges "Defendant inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members." (Complaint at ¶ 100.) Plaintiff has asserted a UCL claim for restitution with respect to the alleged unpaid overtime, rendering a four-year statute of limitations applicable to Plaintiff's claim.

While Plaintiff does not provide a clear number of overtime violations alleged, applying a weekly hour violation rate has been accepted by the federal courts as a reasonable and conservative figure where the plaintiff fails to provide specific allegations concerning the frequency of which he worked overtime without being provided the requisite compensation. *See, e.g., Cabrera*, 2021 WL 5937585, at *8  (assumption of one hour of unpaid overtime wages reasonable where alleged

violations at issue due to "policies and/or practices").; *Kastler v. Oh My Green, Inc.*, No. 19-CV-02411-HSG, 2019 WL 5536198, at *4 (N.D. Cal Oct. 25, 2019) (finding that one hour of unpaid overtime per week was reasonable where the complaint alleged a "pattern and practice" of unpaid overtime); *Jasso v. Money Mart Express, Inc*., No. 11-CV-5500 YGR, 2012 WL 699465, at *5-6 (N.D. Cal. Mar. 1, 2012) (holding that calculating at least one violation per week was a "sensible reading of the alleged amount in controversy").

Based on a review of Vitalant's business records relating to the putative class members, Vitalant employed 1,233 non-exempt employees in California who worked approximately 130,367 workweeks, and earned approximately $29.26 on average. (Sweeley Decl., ¶ 4.) Because employees earn overtime compensation at time-and-a-half their regular rate, an employee earning $29.26 an hour would earn $43.89 for each overtime hour worked. *See* Cal. Lab. Code Section 510. For the purposes of this removal, Vitalant conservatively assumes each putative class members worked one hour of overtime per week, for which they failed to receive overtime wages. Based on this assumption, the amount in controversy for the overtime claim is **$5,721,820.** This figure is calculated as follows: $43.89 (overtime premium wage rate based on average hourly wage of $29.26 per hour) x 1 hour (number of overtime hours per week) X 130,367 (total number of weeks for which the entire putative class was employed). This amount alone is sufficient to satisfy the CAFA amount in controversy requirement.

**Meal Breaks:** Plaintiff's Fourth Cause of Action alleges that Vitalant failed to provide Plaintiff and the members of the putative class with meal breaks and failed to pay them premium wages. (Complaint at ¶¶ 109-112.) Plaintiff alleges Vitalant "from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code." (Complaint at ¶ 110.) Plaintiff further alleges that Vitalant "further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a Meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided." (Complaint at ¶ 111.)

When determining the amount placed in controversy by a plaintiff's allegations regarding a common "policy or practice of" meal break violations and violations that occurred "at times," a 20% violation rate (i.e. one meal period per week) that is uniformly applied across all members of the putative class period is both reasonable and conservative. *See e.g. Cabrera*, 2021 WL 5937585 at *6 (assumption of one violation per week reasonable where complaint alleged that violations occurred "at times"); *Danielsson v. Blood Centers of Pac.*, No. 19-CV-04592-JCS, 2019 WL 7290476, at *6 (N.D. Cal. Dec. 30, 2019) (finding that a 20% violation rate for meal and rest period was reasonable where the plaintiff alleged a "pattern or practice" of violations); *Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-CV-00719-NC, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (same); *Mendoza v. Savage Servs. Corp.*, No. 2:19-CV-00122-RGK-MAA, 2019 WL 1260629, at *2 (C.D. Cal. Mar. 19, 2019) ("When a defendant's calculation lacks factual support, courts in this district routinely apply a 20% violation rate – that is, one missed meal and rest period per work week – for meal and rest period premiums").

Based on a review of Vitalant's business records relating to the putative class members, Vitalant employed 1,233 non-exempt employees in California who worked approximately 130,367 workweeks, and earned approximately $29.26 on average. (Sweeley Decl., ¶ 4.) For the purposes of this removal, Vitalant conservatively assumes each putative class members miss one meal period per week for each week they worked for a total of 130,367 meal break violations in this case. Based on this assumption, the amount in controversy for the meal break claim is **$3,814,547.** This figure is calculated as follows: $29.26 (average hourly wage of $29.26 per hour) x 1 missed meal break per week X 130,267 (total number of weeks for which the entire putative class was employed).

**Rest Breaks:** Plaintiff's Fifth Cause of Action alleges that Vitalant failed to provide Plaintiff and the members of the putative class with rest periods and failed to pay them premium wages. (Complaint at ¶¶ 113-116.) Plaintiff alleges that Plaintiff and the putative class members "from time to time were denied their first rest period of at least (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time." (Complaint at ¶

114.) Plaintiff further alleges that "PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu [of an uninterrupted rest break]. (*Id.*)

When determining the amount placed in controversy by a plaintiff's allegations regarding a common "policy or practice of" rest break violations and violations that occurred "at times," a 20% violation rate (i.e. one rest period per week) that is uniformly applied across all members of the putative class period is both reasonable and conservative.  *See e.g. Cabrera*, 2021 WL 5937585 at *6 (assumption of one violation per week reasonable where complaint alleged that violations occurred "at times"); *Danielsson,* 2019 WL 7290476, at *6 (finding that a 20% violation rate for meal and rest period was reasonable where the plaintiff alleged a "pattern or practice" of violations); *Chavez,* 2019 WL 1501576, at *3 (same); *Mendoza*, 2019 WL 1260629, at *2 ("When a defendant's calculation lacks factual support, courts in this district routinely apply a 20% violation rate – that is, one missed meal and rest period per work week – for meal and rest period premiums").

Based on a review of Vitalant's business records relating to the putative class members, Vitalant employed 1,233 non-exempt employees in California who worked approximately 130,367 workweeks, and earned approximately $29.26 on average. (Sweeley Decl., ¶ 4.) For the purposes of this removal, Vitalant conservatively assumes each putative class members miss one rest period per week for each week they worked for a total of 130,367 rest break violations in this case. Based on this assumption, the amount in controversy for the rest break claim is **$3,814,547.** This figure is calculated as follows: $29.26 (average hourly wage of $29.26 per hour) x 1 missed rest break per week X 130,267 (total number of weeks for which the entire putative class was employed).

**Waiting Time Penalties.** Plaintiff's Complaint also alleges that Defendant failed to pay all earned wages at separation from employment.  (Complaint at ¶ 92.)  This is a derivative claim, Plaintiff alleges that because Vitalant had a "policy and practice" of denying accurate compensation to Plaintiff and the putative class members, putative class members who have terminated their employment are entitled to waiting time penalties. (Complaint at ¶¶ 79-92.) Labor Code section 203 penalties "accrue not only on the days that the employee might have worked, but also on nonworkdays," for up to 30 days, and the accrual of these penalties "has nothing to do with the number of days an employee works during the month." *Mamika v. Barca,* 68 Cal. App. 4th 487, 492-

93 (1998). The "targeted wrong" addressed by Labor Code section 203 is "the delay in payment" of wages, that wrong "continues so long as payment is not made"; therefore, "[a] proper reading of section 203 mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Id.* at 493.

Because Plaintiff alleges that the unpaid wages were the result of systemic and consistent illegal practices, it is reasonable to calculate the amount in controversy for this claim based on a 30-day penalty calculated at each former employee's daily wage rate. *See Quintana v. Claire's Stores, Inc.*, No. 13-0368-PSG, 2013 WL 1736671, at *6 (N.D. Cal. Apr. 22, 2013) (finding that the defendants' waiting time penalties calculation was "supported by Plaintiffs' allegations" and was "a reasonable estimate of the potential value of the claims" where the complaint alleged that the defendants "'regularly required'" putative class members to work off-the-clock without compensation, and the defendants estimated that each putative class member "potentially suffered at least one violation that continues to be unpaid"); *Stevenson v. Dollar Tree Stores, Inc.*, No. CIV S-11-1433 KJM, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011) (finding it reasonable for the defendant to assume, in light of the allegations in the complaint that members of the putative class "'routinely'" missed meal periods, that "all members of the proposed class . . . would have missed a meal period as described in the complaint at least once and were thus entitled to the waiting time penalty").

Based on a review of Defendant's available employment data, 635 putative class members were identified as terminated from August 11, 2018 through October 10, 2022. (Sweeley Decl., ¶ 3.) Assuming that each putative class member worked 8 hours per day and calculating 30 days at the average hourly rate of $29.26, the waiting time penalties in controversy amount to at least **$4,459,224**.

**The Amount Placed in Controversy Includes Attorneys' Fees.** "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922; *see also Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("We conclude that if a plaintiff would be entitled under a contract or statute to future attorney's fees, such fees are at stake in the

1  litigation and should be included in the amount in controversy."); *Muniz v. Pilot Travel Centers LLC*,

2  No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *e (E.D. Cal. May 1, 2007) ("In measuring the

3  amount in controversy, a court must assume that the allegations of the complaint are true and that a

4  jury will return a verdict for the plaintiffs on all claims made in the complaint.").

5          Here, Plaintiff claims that he is entitled to attorneys' fees for various alleged violations of the

6  California Labor Code. (Complaint, Prayer For Relief.)[1]  The Court may consider all attorneys' fees

7  that at the time of removal can reasonably be anticipated will be incurred over the life of the case.

8  *See Fritsch*, 889 F.3d at 794 ("Because the law entitles [Plaintiff] to an award of attorneys' fees if

9  he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the

10  amount in controversy."); *Goldberg v. CPC Int'l*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that

11  "potential attorneys' fees" could be considered for purposes of meeting the amount in controversy

12  requirement); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (stating that

13  "the measure of fees should be the amount that can reasonably be anticipated at the time of removal,

14  not merely those already incurred" and noting that "attorney's fees cannot be precisely calculated"

15  but making projection of likely fees based on the court's "twenty-plus years' experience" overseeing

16  similar cases); *Cabrera,* 2021 WL5935785 at *11 ("attorney fees are properly included in the amount

17  in controversy, where, as here,  a plaintiff sues on statutes providing for attorneys fees").

18          Under Ninth Circuit precedent, 25% of the recovery is a commonly used benchmark for an

19  award of attorney fees in class action cases.  *See, e.g., In re Bluetooth Headset Prod. Liab. Litig.,*

20  654 F.3d 935, 942 (92th Cir. 2011 (recognizing a 25% "benchmark" for attorneys' fees); *Hanlon v.*

21  *Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Cabrera,* 2021 WL5935785 at *11 ("25% of

22  recovery is commonly used as a benchmark for reasonable attorneys' fees in class actions in the

23  Ninth Circuit").

24          Accordingly, Defendant applies a reasonable amount for Plaintiff's attorneys' fees at 25% of

25  the amount placed in controversy through Plaintiff's claims calculated above, or **$5,406,171**.

26  / / /

27

28  [1] Plaintiff alleges attorneys' fees throughout his Complaint. As such, it is clear that attorneys' fees are properly included in the amount of controversy calculation.

1    **Summary of Defendant's Calculations.** Based upon these calculations of just the Second,

2    Third, Fourth, and Fifth Cause of Action, the total amount in controversy easily exceeds the requisite

3    $5,000,000. Indeed, for these claims alone plus a reasonable amount applied for Plaintiff's attorney's

4    fees, the total amount in controversy is **$27,030,856**.[2]  Therefore, the amount in controversy

5    requirement is plainly satisfied here.  *See* 28 U.S.C. §§ 1332(d)(2).

6    **VI.    SUPPLEMENTAL JURISDICTION**

7    As set forth above, this action is removable under 28 U.S.C § § 1331 and 1332(d). To the

8    extent this Court would not otherwise have jurisdiction over any claim asserted in the Complaint, it

9    may exercise supplemental jurisdiction over such a claim pursuant to 28 U.S.C. § 1367.

10   **VII.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR**
11   **REMOVAL**

12   **A.    Timeliness**

13   As required by 28 U.S.C. §1446(b), the original Notice was filed within 30 days service of

14   the Summons and Complaint on Defendant.

15   **B.    Procedural Requirements**

16   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon

17   Defendant are attached as Exhibits to this Notice.  Pursuant to 28 U.S.C. § 1446(d), a "Notice to

18   Plaintiff and Clerk of the California Superior Court of Removal of Civil Action to United States

19   District Court" (to include a copy of this Notice of Removal and all Exhibits) will be promptly filed

20   with the Clerk of the Superior Court for the County of San Mateo, and served on all other parties to

21   this action. True and correct copies of the Notice to the Plaintiff and the state court shall be filed

22   promptly.

23   **VIII.    CONCLUSION.**

24   This Court has original jurisdiction over Plaintiff's claims because Plaintiff bring claims

25   under the laws of the United States and by virtue of the Class Action Fairness Act. 28 U.S.C. §§

26

27   _____

28   [2] Because these four causes of action easily meet the CAFA threshold, Vitalant only calculated purported damages for the four claims. However, it can submit more detailed calculations for other causes of action to support its motion if the Court seeks further information.

1   1331 and 1332(d)(2). Thus, this action is properly removable to federal court pursuant to 28 U.S.C.

2   § 1441.

3       If this Court has a question regarding the propriety of this Notice of Removal, Defendant

4   respectfully requests that the Court issue an Order to Show Cause, so Vitalant may submit a more

5   detailed brief and/or explanation outlining the bases for removal.

6       WHEREFORE, Vitalant removes the above-captioned action to the United States District

7   Court for the Northern District of California.

8   DATED: October 31, 2022

    OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.


    By: _____
        THOMAS M. MCINERNEY
        CHRISTOPHER W. DECKER
        DANIEL E. RICHARDSON

    Attorneys for Defendant
    VITALANT


    53551177.v1-OGLETREE

DEFENDANT VITALANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBIT A

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON   8/11/2022
By          **/s/ Una Finau**
          **Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

CHAMARIE SPEARS, an individual, on behalf of herself and on behalf of all persons similarly situated,

Plaintiff,

vs.

VITALANT, a Corporation; and DOES 1 through 50, inclusive,

Defendants.

22-CIV-03291
Case No. _____
**CLASS ACTION COMPLAINT FOR:**

1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;
2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;
4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8. FAILURE TO PAY SICK WAGES IN VIOLATION OF CAL. LAB CODE §§201-204, 233, 246;
9. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO MAKE PROPER DISCLOSURES [15 U.S.C. § 1681, *et seq.*]; and,
10. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO OBTAIN PROPER AUTHORIZATION [15 U.S.C. § 1681, *et seq.*].

**DEMAND FOR A JURY TRIAL**

1

Plaintiff Chamarie Spears ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.    Defendant Vitalant ("DEFENDANT") is a Corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.    DEFENDANT is a founding member of the American Association of Blood Banks and was involved in the creation of the America's Blood Centers consortium of nonprofit blood centers.

3.    PLAINTIFF has been employed by DEFENDANT in California since July of 2021 and has been at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5. .    PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction

enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of DEFENDANT, DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues this DEFENDANT by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the DEFENDANT named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.     The agents, servants and/or employees of the Defendant and each of them acting on behalf of the Defendant acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendant, and personally participated in the conduct alleged herein on behalf of the Defendant with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendant and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendant's agents, servants and/or employees.

## THE CONDUCT

8.     Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they are

under DEFENDANT's control. PLAINTIFF and CALIFORNIA CLASS Members worked off the clock with respect to time spent undergoing mandatory drug testing or any other testing and/or examination required as a condition of employment. Additionally, DEFENDANT, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time. Additionally, DEFENDANT engages in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clocking that DEFENDANT, as a condition of employment, required these employees to submit to mandatory temperature checks and symptom questionnaires for COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the workday. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage, overtime wage compensation, and off-duty meal breaks by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

9.    State and federal law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance.

10.    The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation is DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and other

CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members are from time to time unable to take thirty (30) minute off duty meal breaks and are not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members are required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT from time to time fails to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees are required by DEFENDANT to work ten (10) hours of work. DEFENDANT also engages in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

12.  During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members are also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees are denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members are also

1  not provided with one hour wages in lieu thereof.  Additionally, the applicable California Wage

2  Order requires employers to provide employees with off-duty rest periods, which the California

3  Supreme Court defined as time during which an employee is relieved from all work related

4  duties and free from employer control.  In so doing, the Court held that the requirement under

5  California law that employers authorize and permit all employees to take rest period means that

6  employers must relieve employees of all duties and relinquish control over how employees

7  spend their time which includes control over the locations where employees may take their rest

8  period.  Employers cannot impose controls that prohibit an employee from taking a brief walk -

9  five minutes out, five minutes back.  Here, DEFENDANT's policy restricts PLAINTIFF and

10 other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on

11 DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members

12 cannot leave the work premises during their rest period.

13      13.    During the CALIFORNIA CLASS PERIOD, DEFENDANT fails to accurately

14 record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount

15 of time these employees work.  Pursuant to the Industrial Welfare Commission Wage Orders,

16 DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for

17 all time worked, meaning the time during which an employee was subject to the control of an

18 employer, including all the time the employee was permitted or suffered to permit this work.

19 DEFENDANT requires these employees to work off the clock without paying them for all the

20 time they are under DEFENDANT's control.  As such, DEFENDANT knew or should have

21 known that PLAINTIFF and the other members of the CALIFORNIA CLASS are under

22 compensated for all time worked.  As a result, PLAINTIFF and other CALIFORNIA CLASS

23 Members forfeit time worked by working without their time being accurately recorded and

24 without compensation at the applicable minimum wage and overtime wage rates.  To the extent

25 that the time worked off the clock does not qualify for overtime premium payment,

26 DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of

27 Cal. Lab. Code §§ 1194, 1197, and 1197.1.

28      14.    From time to time, DEFENDANT also fails to provide PLAINTIFF and the other

members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT fails to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.* As a result, DEFENDANT from time to time provides PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.    Cal. Lab. Code § 204(d) provides, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period. Cal. Lab. Code § 210 provides:

> [I]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections. . . .204. . .shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

16.    DEFENDANT from time to time fails to pay PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d).

17.    DEFENDANT underpays sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246. Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration, including but not limited to, incentives, shift differential pay, and bonuses. Rather than pay sick pay at the regular rate of pay, DEFENDANT underpays sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

18.     Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

19.     DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

20.     As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and believes and based thereon alleges that such failure to pay sick pay at regular rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

21.     Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." DEFENDANT fails to pay all compensation due to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members, makes unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, fails to disclose all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, and thereby fails to pay these employees all wages due at each applicable pay period and upon termination. PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

22.     DEFENDANT intentionally and knowingly fails to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses

incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

23. In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, are required by DEFENDANT to use their own personal cellular phones and personal home offices as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones and personal home offices for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members are required by DEFENDANT to use their personal cellular phones and personal home offices. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones and personal home offices all on behalf of and for the benefit of DEFENDANT.

24. Specifically as to PLAINTIFF, DEFENDANT fails to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF. DEFENDANT does not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also fails to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the PLAINTIFF does not prevent PLAINTIFF from being relieved of all of his duties for the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records. The amount in

1    controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

2    25.     The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA") provides

3    individuals with a number of rights. Specifically, pertaining to employment-related background

4    checks, the FCRA provides that a prospective employee must give valid consent to the

5    background check. The FCRA requires a signed authorization and disclosure from the

6    applicant, sometimes referred to as a "consent" form. The authorization and disclosure form

7    most be executed and signed by the applicant prior to an employer requesting or conducting a

8    background check. Importantly, no extraneous information can be attached or included on the

9    consent form. *The authorization and disclosure must stand alone.*

10    26.     PLAINTIFF sought employment with DEFENDANT in May of 2021. In

11    connection with PLAINTIFF's employment application, PLAINTIFF completed

12    DEFENDANT's standard application materials. These application materials included a

13    background check disclosure and authorization form and included on the form was extraneous

14    information as described herein. Following PLAINTIFF's submission of the employment

15    application materials, DEFENDANT's third party conducted a background check on

16    PLAINTIFF and PLAINTIFF was hired to work for DEFENDANT.

17    27.     The background check disclosure and authorization form disclosed that

18    DEFENDANT intended to conduct a background investigation on the applicant that would

19    involve investigating the applicant's work record, references and education.

20    28.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer

21    report to be procured for employment purposes, unless:

22        (i)     a clear and conspicuous disclosure has been made in writing to the consumer at
any time before the report is procured or caused to be procured, ***in a document***

23                 ***that consists solely of the disclosure***, that a consumer report may be obtained for
employment purposes; and

24        (ii)    the consumer has authorized in writing (which authorization may be made on the
document referred to in clause(I)) the procurement of the report.

25    15 U.S.C. §§ 1681b(b)(2)(A)(I)-(ii) (emphasis added).

26    29.     After PLAINTIFF executed the background check disclosure and authorization

27    form in May of 2018, DEFENDANT obtained a consumer report on PLAINTIFF

28

notwithstanding the fact that the background check disclosure and authorization form was invalid under the requirements of the FCRA.

30. Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that "the form should not include any extraneous information."

31. By including the extraneous information described herein in its background check disclosure and authorization form, DEFENDANT willfully disregarded the FTC's regulatory guidance and violated 15 U.S.C. §§ 1681b(b)(2)(A).

32. In violation of 15 U.S.C. § 1681b(b)(2)(A)(I), DEFENDANT has unlawfully inserted extraneous language, including but not limited to, multiple state-specific background check notices that do not relate to the Fair Credit Reporting Act, notice and acknowledgment of the FCRA summary rights, and specific instructions on how to request their files, into forms purporting to grant DEFENDANT and its third-party background checking company the authority to obtain and use consumer report information for employment purposes. The FCRA prohibits this practice and requires that forms granting the authority to access and use consumer report information for employment purposes be stand alone forms, and not include any additional information or agreements. DEFENDANT's form is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

## JURISDICTION AND VENUE

33. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382. The Court also has Jurisdiction under the FCRA. (15 U.S.C. §§ 1681n, 1681p.).

34. Venue is proper in this Court pursuant to California Code of Civil Procedure,

1 Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and

2 DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities

3 in this County and/or conducts substantial business in this County, and (ii) committed the

4 wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

5

6 **THE CALIFORNIA CLASS**

7     35.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

8 Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

9 Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

10 all individuals who are or previously were employed by DEFENDANT in California, including

11 any employees staffed with DEFENDANT by a third party, and classified as non-exempt

12 employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4)

13 years prior to the filing of this Complaint and ending on the date as determined by the Court

14 (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim

15 of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

16     36.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

17 CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

18 accordingly.

19     37.    DEFENDANT, as a matter of company policy, practice and procedure, and in

20 violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

21 requirements, and the applicable provisions of California law, intentionally, knowingly, and

22 wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks

23 missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT

24 enjoyed the benefit of this work, required employees to perform this work and permits or suffers

25 to permit this work.

26     38.    DEFENDANT has the legal burden to establish that each and every

27 CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as

28 required by California laws. The DEFENDANT, however, as a matter of policy and procedure

failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.   This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

39.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

40.     DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

      (a)     Committing an act of unfair competition in violation of, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

      (b)     Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

41.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

      (a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

      (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

42.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish

14

incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)   With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)   Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate

15

CLASS ACTION COMPLAINT

actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

43. This Court should permit this action to be maintained as a Class Action pursuant

16

to Cal. Code of Civ. Proc. § 382 because:

(a)  The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)  The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)  PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)  There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)  There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)  DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

17

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

44.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

**THE CALIFORNIA LABOR SUB-CLASS**

45.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

46.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied

18

1   these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are
2   entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable
3   tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against
4   DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted
5   accordingly.

6       47.   DEFENDANT maintains records from which the Court can ascertain and identify
7   by name and job title, each of DEFENDANT's employees who have been intentionally
8   subjected to DEFENDANT's company policy, practices and procedures as herein alleged.
9   PLAINTIFF will seek leave to amend the complaint to include any additional job titles of
10  similarly situated employees when they have been identified.

11      48.   The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all
12  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

13      49.   Common questions of law and fact exist as to members of the CALIFORNIA
14  LABOR SUB-CLASS, including, but not limited, to the following:

15          (a)   Whether DEFENDANT unlawfully failed to correctly calculate and pay
16                compensation due to members of the CALIFORNIA LABOR SUB-
17                CLASS for missed meal and rest breaks in violation of the California
18                Labor Code and California regulations and the applicable California Wage
19                Order;

20          (b)   Whether DEFENDANT failed to provide the PLAINTIFF and the other
21                members of the CALIFORNIA LABOR SUB-CLASS with accurate
22                itemized wage statements;

23          (c)   Whether DEFENDANT has engaged in unfair competition by the
24                above-listed conduct;

25          (d)   The proper measure of damages and penalties owed to the members of the
26                CALIFORNIA LABOR SUB-CLASS; and,

27          (e)   Whether DEFENDANT's conduct was willful.

28      50.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

19

1    under California law by:

2    (a)    Violating Cal. Lab. Code § 510, by failing to correctly pay the
3           PLAINTIFF and the members of the CALIFORNIA LABOR SUB-
4           CLASS all wages due for overtime worked, for which DEFENDANT is
5           liable pursuant to Cal. Lab. Code § 1194;

6    (b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to
7           accurately pay PLAINTIFF and the members of the CALIFORNIA
8           LABOR SUB-CLASS the correct minimum wage pay for which
9           DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

10   (c)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the
11          members of the CALIFORNIA LABOR SUB-CLASS with an accurate
12          itemized statement in writing showing the corresponding correct amount
13          of wages earned by the employee;

14   (d)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide
15          PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
16          CLASS with all legally required off-duty, uninterrupted thirty (30) minute
17          meal breaks and the legally required off-duty rest breaks;

18   (e)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that
19          when an employee is discharged or quits from employment, the employer
20          must pay the employee all wages due without abatement, by failing to
21          tender full payment and/or restitution of wages owed or in the manner
22          required by California law to the members of the CALIFORNIA LABOR
23          SUB-CLASS who have terminated their employment; and,

24   (f)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and
25          the CALIFORNIA LABOR SUB-CLASS members with necessary
26          expenses incurred in the discharge of their job duties.

27   51.    This Class Action meets the statutory prerequisites for the maintenance of a Class
28   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.   PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.   There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

52.    In addition to meeting the statutory prerequisites to a Class Action, this action is

21

1  properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

2      (a)   Without class certification and determination of declaratory, injunctive,

3      statutory and other legal questions within the class format, prosecution of

4      separate actions by individual members of the CALIFORNIA LABOR

5      SUB-CLASS will create the risk of:

6         1)   Inconsistent or varying adjudications with respect to individual

7         members of the CALIFORNIA LABOR SUB-CLASS which

8         would establish incompatible standards of conduct for the parties

9         opposing the CALIFORNIA LABOR SUB-CLASS; or,

10         2)   Adjudication with respect to individual members of the

11         CALIFORNIA LABOR SUB-CLASS which would as a practical

12         matter be dispositive of interests of the other members not party to

13         the adjudication or substantially impair or impede their ability to

14         protect their interests.

15      (b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

16      or refused to act on grounds generally applicable to the CALIFORNIA

17      LABOR SUB-CLASS, making appropriate class-wide relief with respect

18      to the CALIFORNIA LABOR SUB-CLASS as a whole in that

19      DEFENDANT fails to pay all wages due. Including the correct wages for

20      all time worked by the members of the CALIFORNIA LABOR SUB-

21      CLASS as required by law;

22      (c)   Common questions of law and fact predominate as to the members of the

23      CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

24      violations of California Law as listed above, and predominate over any

25      question affecting only individual CALIFORNIA LABOR SUB-CLASS

26      Members, and a Class Action is superior to other available methods for

27      the fair and efficient adjudication of the controversy, including

28      consideration of:

22

1   1) The interests of the members of the CALIFORNIA LABOR SUB-

2      CLASS in individually controlling the prosecution or defense of

3      separate actions in that the substantial expense of individual

4      actions will be avoided to recover the relatively small amount of

5      economic losses sustained by the individual CALIFORNIA

6      LABOR SUB-CLASS Members when compared to the substantial

7      expense and burden of individual prosecution of this litigation;

8   2) Class certification will obviate the need for unduly duplicative

9      litigation that would create the risk of:

10     A. Inconsistent or varying adjudications with respect to

11       individual members of the CALIFORNIA LABOR SUB-

12       CLASS, which would establish incompatible standards of

13       conduct for the DEFENDANT; and/or,

14     B. Adjudications with respect to individual members of the

15       CALIFORNIA LABOR SUB-CLASS would as a practical

16       matter be dispositive of the interests of the other members

17       not parties to the adjudication or substantially impair or

18       impede their ability to protect their interests;

19   3) In the context of wage litigation because a substantial number of

20      individual CALIFORNIA LABOR SUB-CLASS Members will

21      avoid asserting their legal rights out of fear of retaliation by

22      DEFENDANT, which may adversely affect an individual's job

23      with DEFENDANT or with a subsequent employer, the Class

24      Action is the only means to assert their claims through a

25      representative; and,

26   4) A class action is superior to other available methods for the fair

27      and efficient adjudication of this litigation because class treatment

28      will obviate the need for unduly and unnecessary duplicative

1           litigation that is likely to result in the absence of certification of

2           this action pursuant to Cal. Code of Civ. Proc. § 382.

3       53.   This Court should permit this action to be maintained as a Class Action pursuant

4   to Cal. Code of Civ. Proc. § 382 because:

5           (a)   The questions of law and fact common to the CALIFORNIA LABOR

6                  SUB-CLASS predominate over any question affecting only individual

7                  CALIFORNIA LABOR SUB-CLASS Members;

8           (b)   A Class Action is superior to any other available method for the fair and

9                  efficient adjudication of the claims of the members of the CALIFORNIA

10                 LABOR SUB-CLASS because in the context of employment litigation a

11                 substantial number of individual CALIFORNIA LABOR SUB-CLASS

12                 Members will avoid asserting their rights individually out of fear of

13                 retaliation or adverse impact on their employment;

14          (c)   The members of the CALIFORNIA LABOR SUB-CLASS are so

15                 numerous that it is impractical to bring all members of the CALIFORNIA

16                 LABOR SUB-CLASS before the Court;

17          (d)   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

18                 Members, will not be able to obtain effective and economic legal redress

19                 unless the action is maintained as a Class Action;

20          (e)   There is a community of interest in obtaining appropriate legal and

21                 equitable relief for the acts of unfair competition, statutory violations and

22                 other improprieties, and in obtaining adequate compensation for the

23                 damages and injuries which DEFENDANT's actions have inflicted upon

24                 the CALIFORNIA LABOR SUB-CLASS;

25          (f)   There is a community of interest in ensuring that the combined assets of

26                 DEFENDANT are sufficient to adequately compensate the members of

27                 the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

28          (g)   DEFENDANT has acted or refused to act on grounds generally applicable

1    to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

2    wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

3    CLASS as a whole;

4    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

5    ascertainable from the business records of DEFENDANT. The

6    CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

7    CLASS Members who worked for DEFENDANT in California at any

8    time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

9    (i)    Class treatment provides manageable judicial treatment calculated to bring

10    a efficient and rapid conclusion to all litigation of all wage and hour

11    related claims arising out of the conduct of DEFENDANT as to the

12    members of the CALIFORNIA LABOR SUB-CLASS.

13

14                    **THE FCRA CLASS ALLEGATIONS**

15    54.    PLAINTIFF brings the Ninth and Tenth Causes of Action pursuant to Cal. Code

16    of Civ. Proc. § 382, on behalf of a nationwide Class, defined as all employees or prospective

17    employees of DEFENDANT in the United States who executed DEFENDANT's standard

18    FCRA disclosure form (the "FCRA CLASS") at any time during the period beginning on the

19    date five (5) years prior to the filing of this Complaint and ending on the date as determined by

20    the Court (the "FCRA CLASS PERIOD"). The amount in controversy for the aggregate claim

21    of FCRA CLASS Members is under five million dollars ($5,000,000.00).

22    55.    To the extent equitable tolling operates to toll claims by the FCRA CLASS

23    against DEFENDANT, the FCRA CLASS PERIOD should be adjusted accordingly.

24    56.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in

25    violation of The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*., intentionally, knowingly,

26    and wilfully, engaged in a practice whereby DEFENDANT uniformly, unfairly, unlawfully, and

27    deceptively instituted a practice of obtaining consumer reports without valid authorization to

28    do so.

25

57.    The FCRA CLASS is so numerous that joinder of all FCRA CLASS Members is impracticable.

58.    DEFENDANT uniformly violated the rights of the FCRA CLASS by:

    (a)    Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly obtained credit reports on prospective employees without first obtaining valid authorization consent forms.

59.    Common questions of law and fact exist as to members of the FCRA CLASS, including, but not limited, to the following:

    (a)    Whether DEFENDANT required the FCRA CLASS Members to sign a background check disclosure and authorization form;

    (b)    Whether DEFENDANT's background check disclosure and authorization form complies with the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA");

    (c)    Whether DEFENDANT violated the FCRA by including extraneous information in its background check disclosure and authorization form; and,

    (d)    Whether DEFENDANT violated the FCRA by procuring consumer report information based on invalid authorizations;

    (e)    Whether DEFENDANT's violations of the FCRA were willful;

    (f)    The proper measure of statutory damages and punitive damages; and,

    (g)    The proper form of injunctive and declaratory relief.

60.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)    The persons who comprise the FCRA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

26

1

(b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

2                raised in this Complaint are common to the FCRA CLASS will apply

3                uniformly to every member of the FCRA CLASS;

4

(c)    The claims of the representative PLAINTIFF are typical of the claims of

5                each member of the FCRA CLASS.  PLAINTIFF, like all the other

6                members of the FCRA CLASS, had a credit report obtained on his behalf

7                by DEFENDANT prior to obtaining valid authorization to do so in

8                violation of the FCRA as described herein.  PLAINTIFF and the members

9                of the FCRA CLASS were and are similarly or identically harmed by the

10              same unlawful, deceptive, unfair and pervasive pattern of misconduct

11              engaged in by DEFENDANT; and,

12

(d)    The representative PLAINTIFF will fairly and adequately represent and

13                protect the interest of the FCRA CLASS, and has retained counsel who

14                are competent and experienced in Class Action litigation.  There are no

15                material conflicts between the claims of the representative PLAINTIFF

16                and the members of the FCRA CLASS that would make class certification

17                inappropriate.  Counsel for the FCRA CLASS will vigorously assert the

18                claims of all employees in the FCRA CLASS.

19      61.    In addition to meeting the statutory prerequisites to a Class Action, this Action

20  is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

21

(a)    Without class certification and determination of declaratory, statutory and

22                other legal questions within the class format, prosecution of separate

23                actions by individual members of the FCRA CLASS will create the risk

24                of:

25             1)    Inconsistent or varying adjudications with respect to individual

26                     members of the FCRA CLASS which would establish

27                     incompatible standards of conduct for the parties opposing the

28                     FCRA CLASS; and/or,

27

1            2)    Adjudication with respect to individual members of the FCRA

2                    CLASS which would as a practical matter be dispositive of

3                    interests of the other members not party to the adjudication or

4                    substantially impair or impede their ability to protect their interests.

5      (b)    The parties opposing the FCRA CLASS have acted or refused to act on

6            grounds generally applicable to the FCRA CLASS, making appropriate

7            class-wide relief with respect to the FCRA CLASS as a whole;

8      (c)    Common questions of law and fact exist as to the members of the FCRA

9            CLASS, with respect to the practices and violations of the FCRA as listed

10           above, and predominate over any question affecting only individual FCRA

11           CLASS Members, and a Class Action is superior to other available

12           methods for the fair and efficient adjudication of the controversy,

13           including consideration of:

14           1)    The interests of the members of the FCRA CLASS in individually

15                   controlling the prosecution or defense of separate actions in that

16                   the substantial expense of individual actions will be avoided to

17                   recover the relatively small amount of economic losses sustained

18                   by the individual FCRA CLASS Members when compared to the

19                   substantial expense and burden of individual prosecution of this

20                   litigation;

21           2)    Class certification will obviate the need for unduly duplicative

22                   litigation that would create the risk of:

23                   A.    Inconsistent or varying adjudications with respect to

24                           individual members of the FCRA CLASS, which would

25                           establish incompatible standards of conduct for

26                           DEFENDANT; and/or,

27                   B.    Adjudications with respect to individual members of the

28                         FCRA CLASS would as a practical matter be dispositive of

1       the interests of the other members not parties to the

2       adjudication or substantially impair or impede their ability

3       to protect their interests;

4       3)    In the context of employment litigation because as a practical

5       matter a substantial number of individual FCRA CLASS Members

6       will avoid asserting their legal rights out of fear of retaliation by

7       DEFENDANT, which may adversely affect an individual's job

8       with DEFENDANT or with a subsequent employer, the Class

9       Action is the only means to assert their claims through a

10       representative; and,

11       4)    A Class Action is superior to other available methods for the fair

12       and efficient adjudication of this litigation because class treatment

13       will obviate the need for unduly and unnecessary duplicative

14       litigation that is likely to result in the absence of certification of

15       this Action pursuant to Cal. Code of Civ. Proc. § 382.

16    62.    This Court should permit this Action to be maintained as a Class Action pursuant

17  to Cal. Code of Civ. Proc. § 382, because:

18       (a)    The questions of law and fact common to the FCRA CLASS predominate

19       over any question affecting only individual FCRA CLASS Members

20       because DEFENDANT's employment practices were uniform and

21       systematically applied with respect to the FCRA CLASS;

22       (b)    A Class Action is superior to any other available method for the fair and

23       efficient adjudication of the claims of the members of the FCRA CLASS

24       because in the context of employment litigation a substantial number of

25       individual FCRA CLASS Members will avoid asserting their rights

26       individually out of fear of retaliation or adverse impact on their

27       employment;

28       (c)    The members of the FCRA CLASS are so numerous that it is impractical

1          to bring all members of the FCRA CLASS before the Court;

2    (d)   PLAINTIFF, and the other FCRA CLASS Members, will not be able to

3          obtain effective and economic legal redress unless the action is maintained

4          as a Class Action;

5    (e)   There is a community of interest in obtaining appropriate legal and

6          equitable relief for the acts of statutory violations and other improprieties,

7          and in obtaining adequate compensation for the injuries which

8          DEFENDANT's actions have inflicted upon the FCRA CLASS;

9    (f)   There is a community of interest in ensuring that the combined assets of

10         DEFENDANT are sufficient to adequately compensate the members of

11         the FCRA CLASS for the injuries sustained;

12   (g)   DEFENDANT has acted or refused to act on grounds generally applicable

13         to the FCRA CLASS, thereby making final class-wide relief appropriate

14         with respect to the FCRA CLASS as a whole;

15   (h)   The members of the FCRA CLASS are readily ascertainable from the

16         business records of DEFENDANT.  The FCRA CLASS consists of all

17         employees or prospective employees of DEFENDANT in the United

18         States who executed DEFENDANT's standard FCRA disclosure

19         formallowing DEFENDANT to obtain a consumer report during the

20         FCRA CLASS PERIOD; and,

21   (i)   Class treatment provides manageable judicial treatment calculated to bring

22         an efficient and rapid conclusion to all litigation of all FCRA claims

23         arising out of the conduct of DEFENDANT as to the members of the

24         FCRA CLASS.

25   63.   DEFENDANT maintains records from which the Court can ascertain and identify

26   by name and job title, each of DEFENDANT's employees who have been systematically,

27   intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and

28   procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include

30

any additional job titles of similarly situated employees when they have been identified.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

64.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

65.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

66.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

67.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

1    68.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

2    unfair in that these practices violate public policy, were immoral, unethical, oppressive,

3    unscrupulous or substantially injurious to employees, and were without valid justification or

4    utility for which this Court should issue equitable and injunctive relief pursuant to Section

5    17203 of the California Business & Professions Code, including restitution of wages wrongfully

6    withheld.

7    69.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

8    fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated

9    meal and rest periods, the required amount of compensation for missed meal and rest periods

10   and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse

11   all necessary business expenses incurred, and failed to provide Fair Labor Standards Act

12   overtime wages due for overtime worked as a result of failing to include non-discretionary

13   incentive compensation into their regular rates of pay for purposes of computing the proper

14   overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal.

15   Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§

16   17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant

17   to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

18   70.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

19   unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

20   other members of the CALIFORNIA CLASS to be underpaid during their employment with

21   DEFENDANT.

22   71.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

23   unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide

24   all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA

25   CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

26   72.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

27   CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

28   meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

32

1    for each workday in which a second off-duty meal period was not timely provided for each ten
2    (10) hours of work.

3        73.    PLAINTIFF further demands on behalf of herself and each member of the
4    CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off
5    duty paid rest period was not timely provided as required by law.

6        74.    By and through the unlawful and unfair business practices described herein,
7    DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the
8    other members of the CALIFORNIA CLASS, including earned wages for all time worked, and
9    has deprived them of valuable rights and benefits guaranteed by law and contract, all to the
10   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT
11   to unfairly compete against competitors who comply with the law.

12       75.    All the acts described herein as violations of, among other things, the Industrial
13   Welfare Commission Wage Orders, the California Code of Regulations, and the California
14   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,
15   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and
16   deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

17       76.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,
18   and do, seek such relief as may be necessary to restore to them the money and property which
19   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the
20   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and
21   unfair business practices, including earned but unpaid wages for all time worked.

22       77.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further
23   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair
24   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from
25   engaging in any unlawful and unfair business practices in the future.

26       78.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,
27   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices
28   of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

33

As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

79.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

80.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

81.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

82.     Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

83.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

84.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work. As set forth herein, DEFENDANT's policy and practice was to unlawfully and

34

1   intentionally deny timely payment of wages due to PLAINTIFF and the other members of the

2   CALIFORNIA LABOR SUB-CLASS.

3   85.   DEFENDANT's unlawful wage and hour practices manifested, without

4   limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

5   implementing a policy and practice that denies accurate compensation to PLAINTIFF and the

6   other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

7   86.   In committing these violations of the California Labor Code, DEFENDANT

8   inaccurately calculated the correct time worked and consequently underpaid the actual time

9   worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.

10   DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

11   benefits in violation of the California Labor Code, the Industrial Welfare Commission

12   requirements and other applicable laws and regulations.

13   87.   As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

14   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

15   receive the correct minimum wage compensation for their time worked for DEFENDANT.

16   88.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

17   required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

18   Members to work without paying them for all the time they were under DEFENDANT's

19   control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other

20   members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they

21   were entitled to, constituting a failure to pay all earned wages.

22   89.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned

23   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

24   CLASS for the true time they worked, PLAINTIFF and the other members of the

25   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

26   injury in amounts which are presently unknown to them and which will be ascertained

27   according to proof at trial.

28   90.   DEFENDANT knew or should have known that PLAINTIFF and the other

1   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time

2   worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

3   to not pay employees for their labor as a matter of company policy, practice and procedure, and

4   DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

5   of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

6        91.   In performing the acts and practices herein alleged in violation of California labor

7   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

8   all time worked and provide them with the requisite compensation, DEFENDANT acted and

9   continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

10   members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for

11   their legal rights, or the consequences to them, and with the despicable intent of depriving them

12   of their property and legal rights, and otherwise causing them injury in order to increase

13   company profits at the expense of these employees.

14        92.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

15   therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as

16   well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

17   by the California Labor Code and/or other applicable statutes. To the extent minimum wage

18   compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members

19   who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§

20   201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties

21   under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

22   CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein

23   was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA

24   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

25   ///

26   ///

27   ///

28   ///

1

## THIRD CAUSE OF ACTION

2    ### For Failure To Pay Overtime Compensation

3    ### [Cal. Lab. Code § 510]

4    ### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

5    ### Defendants)

6        93.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

7    reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs

8    of this Complaint.

9        94.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

10   bring a claim for DEFENDANT's willful and intentional violations of the California Labor

11   Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay

12   these employees for all overtime worked, including, work performed in excess of eight (8)

13   hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any

14   workweek.

15       95.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

16   public policy, an employer must timely pay its employees for all hours worked.

17       96.    Cal. Lab. Code § 510 further provides that employees in California shall not be

18   employed more than eight (8) hours per workday and more than forty (40) hours per workweek

19   unless they receive additional compensation beyond their regular wages in amounts specified

20   by law.

21       97.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

22   including minimum wage and overtime compensation and interest thereon, together with the

23   costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for

24   longer hours than those fixed by the Industrial Welfare Commission is unlawful.

25       98.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

26   CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

27   DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

28   including overtime work.

99.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

100.    In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

101.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

102.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

103.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages..

1    104.   DEFENDANT failed to accurately pay the PLAINTIFF and the other members

2    of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which

3    was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510,

4    1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR

5    SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT

6    failed to accurately record and pay as evidenced by DEFENDANT's business records and

7    witnessed by employees.

8    105.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned

9    compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

10   CLASS for the true amount of time they worked, PLAINTIFF and the other members of the

11   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

12   injury in amounts which are presently unknown to them and which will be ascertained

13   according to proof at trial.

14   106.   DEFENDANT knew or should have known that PLAINTIFF and the other

15   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime

16   worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

17   to not pay employees for their labor as a matter of company policy, practice and procedure, and

18   DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

19   of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

20   107.   In performing the acts and practices herein alleged in violation of California labor

21   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

22   all overtime worked and provide them with the requisite overtime compensation, DEFENDANT

23   acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

24   the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

25   disregard for their legal rights, or the consequences to them, and with the despicable intent of

26   depriving them of their property and legal rights, and otherwise causing them injury in order

27   to increase company profits at the expense of these employees.

28   108.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

39

1  therefore request recovery of all overtime wages, according to proof, interest, statutory costs,

2  as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

3  by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or

4  overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS

5  Members who have terminated their employment, DEFENDANT's conduct also violates Labor

6  Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time

7  penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

8  CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein

9  was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

10  LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Required Meal Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

109.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

110.   During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

40

1   Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced

2   by DEFENDANT's business records from time to time.  Further, DEFENDANT failed to

3   provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period

4   in some workdays in which these employees were required by DEFENDANT to work ten (10)

5   hours of work from time to time.  As a result, PLAINTIFF and other members of the

6   CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional

7   compensation and in accordance with DEFENDANT's strict corporate policy and practice.

8       111.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable

9   IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

10   CLASS Members who were not provided a meal period, in accordance with the applicable

11   Wage Order, one additional hour of compensation at each employee's regular rate of pay for

12   each workday that a meal period was not provided.

13       112.    As a proximate result of the aforementioned violations, PLAINTIFF and

14   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

15   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

16   suit.

17

18                          **FIFTH CAUSE OF ACTION**

19                   **For Failure to Provide Required Rest Periods**

20                       **[Cal. Lab. Code §§ 226.7 & 512 ]**

21        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

22                                **Defendants)**

23       113.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

24   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

25   of this Complaint.

26       114.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

27   time to time required to work in excess of four (4) hours without being provided ten (10) minute

28   rest periods.  Further, these employees from time to time were denied their first rest periods of

                                        41

1    at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and

2    second rest period of at least ten (10) minutes for some shifts worked of between six (6) and

3    eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some

4    shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other

5    CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages

6    in lieu thereof.   As a result of their rigorous work schedules, PLAINTIFF and other

7    CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest

8    periods by DEFENDANT and DEFENDANT's managers.

9        115.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

10   IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

11   CLASS Members who were not provided a rest period, in accordance with the applicable Wage

12   Order, one additional hour of compensation at each employee's regular rate of pay for each

13   workday that rest period was not provided.

14       116.    As a proximate result of the aforementioned violations, PLAINTIFF and

15   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

16   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

17   suit.

18                            **SIXTH CAUSE OF ACTION**

19                  **For Failure to Provide Accurate Itemized Statements**

20                            **[Cal. Lab. Code § 226]**

21         **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

22                               **Defendants)**

23       117.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

24   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

25   paragraphs of this Complaint.

26       118.    Cal. Labor Code § 226 provides that an employer must furnish employees with

27   an "accurate itemized" statement in writing showing:

28         (1) gross wages earned,

                                        42

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

119.    From time to time, DEFENDANT also fails to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Aside, from the violations listed above in this paragraph, DEFENDANT fails to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.* As a result, DEFENDANT from time to time provides PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

120.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of

1  the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty

2  dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred

3  dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code §

4  226, in an amount according to proof at the time of trial (but in no event more than four

5  thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the

6  CALIFORNIA LABOR SUB-CLASS herein).

7

8  **SEVENTH CAUSE OF ACTION**

9  **For Failure to Reimburse Employees for Required Expenses**

10  **[Cal. Lab. Code § 2802]**

11  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12  **Defendants)**

13  121.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

14  reallege and incorporate by this reference, as though fully set forth herein, the prior

15  paragraphs of this Complaint.

16  122.   Cal. Lab. Code § 2802 provides, in relevant part, that:

17  An employer shall indemnify his or her employee for all necessary
   expenditures or losses incurred by the employee in direct consequence of the
18  discharge of his or her duties, or of his or her obedience to the directions of
   the employer, even though unlawful, unless the employee, at the time of
19  obeying the directions, believed them to be unlawful.

20  123.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

21  by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

22  CLASS members for required expenses incurred in the discharge of their job duties for

23  DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the

24  CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

25  limited to, costs related to using their personal cellular phones and personal home offices on

26  behalf of and for the benefit of DEFENDANT.  Specifically, PLAINTIFF and other

27  CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to use

28

1  their personal cellular phones and personal home offices in order to perform work related
2  job tasks.  DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the
3  CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their
4  personal cellular phones and personal home offices for DEFENDANT within the course and
5  scope of their employment for DEFENDANT.  These expenses were necessary to complete
6  their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert
7  any waiver of this expectation.  Although these expenses were necessary expenses incurred
8  by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT
9  failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-
10  CLASS members for these expenses as an employer is required to do under the laws and
11  regulations of California.

12      124.   PLAINTIFF therefore demands reimbursement for expenditures or losses
13  incurred by herself and the CALIFORNIA LABOR SUB-CLASS members in the discharge
14  of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,
15  with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

### EIGHTH CAUSE OF ACTION

**For Failure to Pay Sick Pay Wages**

**[ Cal. Lab. Code §§ 201-204, 210, 233, 246]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS
and Against All Defendants)**

21      125.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-
22  CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior
23  paragraphs of this Complaint.

24      123.   Cal Lab. Code § 233 provides that an employer must permit an employee to
25  use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then
26  current rate of entitlement. Cal Lab. Code § 246 provides that an employee is entitled to
27  sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5.
28  Specifically, once accrued sick leave is used as paid sick time, an employee has a vested

1  right to sick pay wages, which an employer must calculate and compensate based on one of

2  two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the

3  same manner as the regular rate of pay for the workweek in which the employee uses paid

4  sick time, whether or not the employee actually works overtime in that workweek," or (ii)

5  "Paid sick time for nonexempt employees shall be calculated by dividing the employee's

6  total wages, not including overtime premium pay, by the employee's total hours worked in

7  the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and

8  233, employees may sue to recover underpaid sick pay wages as damages.

9       124.   As a matter of policy and practice, DEFENDANT pays sick pay wages to

10 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the

11 incorrect rate of pay.  PLAINTIFF and the other members of the CALIFORNIA LABOR-

12 SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn

13 non-hourly remuneration.  As a matter of policy and practice, DEFENDANT pays sick pay

14 wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS

15 at the base hourly pay, as opposed to the regular rate of pay, which would consider all non-

16 hourly remuneration in addition to base hourly wages, or the rate resulting from dividing the

17 employee's total wages, not including overtime premium pay, by the employee's total hours

18 worked in the full pay periods of the prior 90 days of employment.  As a result,

19 DEFENDANT underpaid sick pay wages to PLAINTIFF and the other members of the

20 CALIFORNIA LABOR-SUB-CLASS.

21      125.   Cal. Lab. Code § 204 provides that wages generally are due and payable twice

22 during each calendar month and are to be paid no later than the payday for the next regular

23 payroll period.  Consistent with Cal. Lab. Code § 204, Cal. Lab. Code § 246 specifically

24 requires that, upon use of accrued sick leave, vested sick pay wages are due and to be paid

25 no later than the payday for the next regular payroll period after accrued sick leave is used as

26 paid sick time.  Similarly, Cal. Lab. Code § 201 provides that if an employer discharges an

27 employee, wages earned and unpaid at the time of discharge are due and payable

28 immediately. Cal. Lab. Code § 202 provides that an employee is entitled to receive all

1  unpaid wages no later than 72 hours after an employee quits his or her employment, unless
2  the employee has given 72-hour notice of his or her intention to quit, in which case the
3  employee is entitled to his or her wages at the time of quitting.  The Labor Code penalizes
4  untimely payments.  For example, Cal. Lab. Code § 203 provides that if an employer
5  willfully fails to pay wages owed in accordance with Cal. Lab. Code §§ 201-202, then the
6  wages of the employee shall continue as a penalty from the due date, and at the same rate
7  until paid, but the wages shall not continue for more than thirty (30) days. Likewise, Cal.
8  Lab. Code § 210 provides penalties for violations of Cal. Lab. Code § 204 and untimely
9  payments during employment.  Under Cal. Lab. Code §§ 203, 210 and 218, employees may
10  sue to recover applicable penalties.

11      126.   As alleged herein and as a matter of policy and practice, DEFENDANT
12  routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the other
13  members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay
14  wages.  As a result, DEFENDANT violates Cal. Lab. Code §§ 201-204, 210, 233, and 246,
15  among other Labor Code provisions.  PLAINTIFF is informed and believes that
16  DEFENDANT was advised by skilled lawyers and knew, or should have known, of the
17  mandates of the Labor Code as it relates to PLAINTIFF's allegations, especially since the
18  California Supreme Court has explained that "[c]ourts have recoginzed that 'wages' also
19  include those benefits to which an employee is entitled as a part of his or her compensation,
20  including money, room, board, clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth
21  Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT
22  willfully fails to timely pay PLAINTIFF and the other members of the CALIFORNIA
23  LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is subject to applicable
24  penalties.

25      127.   Such a pattern, practice, and uniform administration of corporate policy is
26  unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA LABOR-
27  SUB-CLASS to underpaid sick pay wages, including interest thereon, applicable penalties,
28  attorney's fees, and costs of suit.

47

**NINTH CAUSE OF ACTION**

**For Failure to Make Proper Disclosure in Violation of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(I), *et seq.*]**

**(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

128.   PLAINTIFF, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

129.   DEFENDANT violated 15 U.S.C. § 1681b(b)(2)(A)(I) of the FCRA by including extraneous information, including language pertaining to additional state law notices in DEFENDANT's background check disclosure and authorization form that PLAINTIFF and other FCRA CLASS Members were required to execute as a condition of employment with DEFENDANT.

130.   The violations of the FCRA were willful.  DEFENDANT knew that its background check disclosure and authorization form should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(I).

131.   PLAINTIFF and the other FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

132.   PLAINTIFF and FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

133.   PLAINTIFF and FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

///

///

///

///

CLASS ACTION COMPLAINT

**TENTH CAUSE OF ACTION**

**For Failure to Obtain Proper Authorization in Violations of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(ii)]**

**(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

134.   PLAINTIFF, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

135.   DEFENDANT violated the FCRA by procuring consumer reports relating to PLAINTIFF and other FCRA CLASS Members without proper authorization as alleged herein. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

136.   The violations of the FCRA were willful.  DEFENDANT acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

137.   PLAINTIFF and the FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

138.   PLAINTIFF and the FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

139.   PLAINTIFF and the FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CALIFORNIA CLASS:

    A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   An order temporarily, preliminarily and permanently enjoining and restraining

1  DEFENDANT from engaging in similar unlawful conduct as set forth herein;

2  C)  An order requiring DEFENDANT to pay all wages and all sums unlawfuly

3  withheld from compensation due to PLAINTIFF and the other members of the

4  CALIFORNIA CLASS; and,

5  D)  Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

6  for restitution of the sums incidental to DEFENDANT's violations due to

7  PLAINTIFF and to the other members of the CALIFORNIA CLASS.

8  2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

9  A)  That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth

10  Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class

11  action pursuant to Cal. Code of Civ. Proc. § 382;

12  B)  Compensatory damages, according to proof at trial, including compensatory

13  damages for minimum, overtime and sick pay compensation due PLAINTIFF and

14  the other members of the CALIFORNIA LABOR SUB-CLASS, during the

15  applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon

16  at the statutory rate;

17  C)  The greater of all actual damages or fifty dollars ($50) for the initial pay period

18  in which a violation occurs and one hundred dollars ($100) per each member of

19  the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

20  period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

21  an award of costs for violation of Cal. Lab. Code § 226;

22  D)  Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

23  the applicable IWC Wage Order;

24  E)  For liquidated damages pursuant to California Labor Code Sections 1194.2 and

25  1197; and,

26  F)  The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

27  LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

28  costs of suit.

3.   On behalf of the FCRA CLASS:

A)   That the Court certify the Ninth and Tenth Causes of Action asserted by the FCRA CLASS as a Class Action pursuant to Cal. Code of Civ. Proc. § 382;

B)   A determination and judgment that DEFENDANT willfully violated the 15 U.S.C. § 1681(b)(2)(A)(I) and(ii) of the FCRA by improperly including extraneous information in its background check disclosure and authorization form and by obtaining consumer reports on PLAINTIFF and FCRA CLASS Members without having proper authorization to do so;

C)   Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to PLAINTIFF and the members of the FCRA CLASS in an amount equal to $1,000 for PLAINTIFF and each FCRA CLASS Member for DEFENDANT's willful violation of the FCRA:

D)   Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to PLAINTIFF and other FCRA CLASS Members;

E)   An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

F)   Such other and further relief as the Court deems just and equitable.

4.   On all claims:

A)   An award of interest, including prejudgment interest at the legal rate;

B)   Such other and further relief as the Court deems just and equitable; and,

C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194,

///
///
///
///
///

51
CLASS ACTION COMPLAINT

1  and/or §2802.

2  Dated: August 11, 2022            BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

3

4                                      By:  /s/ Nicholas De Blouw

5                                           Nicholas J. De Blouw
                                            Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            52

1

## **DEMAND FOR A JURY TRIAL**

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4  Dated: August 11, 2022          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                    By:   /s/ Nicholas De Blouw

7                          Nicholas J. De Blouw
                           Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VITALANT, a Corporation; and DOES 1 through 50, inclusive,

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON     8/11/2022
By_____ /s/ Una Finau
                 **Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHAMARIE SPEARS, an individual, on behalf of herself and on behalf
of all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Central<br>400 County Center, Redwood City, CA 94063 | CASE NUMBER:<br>*(Número del Caso)* 22-CIV-03291 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal   (Bar # 68687)                   Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP        Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

| DATE: *8/11/2022* | Neal I. Taniguchi | Clerk, by | /s/ Unaloto Finau | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* VITALANT

under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Norman B. Blumenthal    (Bar # 68687)<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara<br>La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223        FAX NO.: (858) 551-1232<br>ATTORNEY FOR *(Name):* Plaintiff Chamarie Spears | **Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON    **8/11/2022**<br>By    **/s/ Una Finau**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME: Central

CASE NAME:
## CHAMARIE SPEARS v. VITALANT

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22-CIV-03291 |
|---|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* TEN (10)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 11, 2022

Nicholas J. De Blouw                          ▶  /s/ Nicholas De Blouw
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:                FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**  ☐ **LIMITED CASE** | |
| (Amount demanded   (Amount demanded is $25,000 | |
| exceeds $25,000)   or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:              Time:              Dept.:              Div.:              Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in  ☐ complaint  ☐ cross-complaint  *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐   by the attorney or party listed in the caption   ☐   by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                        f.   Fax number:
e.   E-mail address:                                           g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not   reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# FREQUENTLY ASKED QUESTIONS
## FOR ATTORNEYS AND PARTIES

## Nonrefundable Jury Fee
## (Assem. Bill 1481 (2011-2012 Reg. Sess.))
## Effective September 17, 2012

| 1.1 | Q. What is the nonrefundable jury fee? | A: At least one party demanding a jury on each side of a civil case must pay a non-refundable fee of one hundred fifty dollars ($150), unless the fee has been paid by another party on the same side of the case. (Code Civ. Proc., § 631(b).) ).) If there are multiple plaintiffs and/or defendants in the same case, only one jury fee per side is *required* to avoid waiver of a jury under Code of Civil Procedure section 631(f). |
|---|---|---|
| 1.2 | Q: What are the deadlines for paying the nonrefundable jury fee? | A: The nonrefundable jury fee must be paid on or before the date scheduled for the initial case management conference in the action, except as follows:<br><br>1. In unlawful detainer actions the fees shall be due at least five days before the date set for trial.<br><br>2. If no case management conference is scheduled in a civil action, or the initial case management conference occurred before June 28, 2012 and the initial complaint was filed *after* July 1, 2011, the fee shall be due no later than 365 calendar days after the filing of the initial complaint.<br><br>3. If the initial case management conference was held before June 28, 2012 and the initial complaint in the case was filed *before* July 1, 2011, the fee shall be due at least 25 calendar days before the date initially set for trial.<br><br>4. If the party requesting a jury has not appeared before the initial case management conference, or first appeared more than 365 calendar days after the filing of the initial complaint, the fee shall be due at least 25 calendar days before the date initially set for trial. (Code Civ. Proc., § 631(c).) |

| 1.3 | Q: What if a party misses the deadline to pay the nonrefundable jury fee? | A: Except under the circumstances provided in Code of Civil Procedure section 631(d), (discussed in FAQ 1.4), a party has waived the right to a trial by jury in that action, unless another party on the same side of the case timely paid the nonrefundable jury fee. (Code Civ. Proc., § 631(f)(5).) <br><br>Note: The court may, in its discretion upon just terms, allow a trial by jury despite the waiver. (Code Civ. Proc., § 631(g).) |
|---|---|---|
| 1.4 | Q: What if a party missed a deadline to pay the nonrefundable jury fee between June 27, 2012 and November 30, 2012? | A: If a party failed to timely pay a nonrefundable jury fee that was due between June 27, 2012, and November 30, 2012, inclusive, the party will be relieved of a jury waiver on that basis only, if the party pays the fee on or before December 31, 2012 or 25 calendar days before the date initially set for trial, whichever is earlier. (Code Civ. Proc., § 631(d).) |
| 1.5 | Q: May a clerk accept payment of a nonrefundable jury fee after the deadline has passed? | A: There is nothing in the recent amendments to Code of Civil Procedure section 631 that directs or authorizes courts to refuse a late payment of the nonrefundable jury fee. Absent this direction or authority, the clerk likely should accept advance jury fees tendered by a party, provide a receipt, and record in the court file the date the fees were received. (See *People v. Funches* (1998) 67 Cal.App.4th 240, 244 [court clerks "must act in strict conformity with statutes, rules, or orders of the court" defining their duties, and have "no power to decide questions of law nor any discretion in performing" their duties.]) <br><br>Note: Except as provided in Code of Civil Procedure section 631(d), only a judge has the authority to grant a jury trial following a waiver. |
| 1.6 | Q: Is payment of the nonrefundable jury fee required if the party does not want to retain the right to a jury in the action? | A: No. Only parties that want to retain the right to a jury must pay the nonrefundable jury fees. |
| 1.7 | Q: May the nonrefundable jury fee be waived because of a party's financial condition? | A: Yes. A court may (but is not required to) waive jury fees and expenses, and other fees or expenses itemized in an application for a fee waiver under rule 3.56(1) and (6) of the California Rules of Court. |

| 1.8 | Q: May the court waive the nonrefundable jury fee for government entities under Government Code section 6103? | A: No.  Government Code section 6103 explicitly states: "This section does not apply to civil jury fees or civil jury deposits."  Although this exception to the fee waiver for government entities predates the creation of the nonrefundable jury fee, the plain language of the exception applies to the nonrefundable jury fee. |
| --- | --- | --- |
| 1.9 | Q: If more than one party on a side pays the nonrefundable jury fee, is any refund of the additional fee due? | A: No.  Code of Civil Procedure 631(b) requires "*at least one* party demanding a jury on each side" to pay the nonrefundable jury fee, "unless the fee has been paid by another party on the same side of the case." (Emphasis added.)  In addition, Code of Civil Procedure section 631.3, which governs refunds of jury fees states in subdivision (c) that the "fee described in subdivision (b) of Section 631 shall be nonrefundable and is not subject to this section.  Therefore, although they are not required to pay the jury fee, if additional parties on a side pay the nonrefundable jury fee, that fee is still nonrefundable.  The additional fee may not be used to offset actual juror fees or mileage, either. |
| 1.10 | Q: Are any jury fees refundable? | A: Yes.  Any $150 advance jury fee deposited *before* June 28, 2012 may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3.  Similarly, any jury fees other than the $150 advance jury fees that are deposited, but not used, may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. |
| | | |

# ALTERNATIVE DISPUTE RESOLUTION IN CIVIL CASES



# Civil Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

### What are the Advantages of Using ADR?

   ✍    **Faster** – Traditional litigation can take years to complete but ADR usually takes weeks or months.

   ✍    **Cheaper** – Parties can save on attorneys' fees and litigation costs.

   ✍    **More control & flexibility** – Parties choose the ADR process most appropriate for their case.

   ✍    **Cooperative & less stressful** – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

### What are the Disadvantages of Using ADR?

   ✍    **You may go to Court anyway** – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

   ✍    **Not free** – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

### Are There Different Kinds of ADR?

   ✍    **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

   ✍    **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet.

   ✍    **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

   ✍    **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

   ✍    **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date.

Page 1 of 3

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 (Sept. 2010, Revised Jan. 2013) www.sanmateocourt.org

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

    &#8576;    The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

    &#8576;    All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

    &#8576;    If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office.  This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

    &#8576;    You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.

        o    For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

    &#8576;    If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your **first** CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

    &#8576;    Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Redwood City, CA 94063; (650) 599-1754 (fax).

### Do I Have to Pay to Use ADR?

    &#8576;    Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

    &#8576;    If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

**For more information, visit the court website at www.sanmateocourt.org/adr**
**or contact the ADR Program: 400 County Center, Redwood City, CA 94063.**
**Phone: (650) 599-1070, (650) 599-1073 and fax: (650) 599-1754**

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 [Sept, 2010, Revised Jan. 2013] www.sanmateocourt.org

*Judicial Arbitration, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.*

## What are the Advantages of Using Judicial Arbitration?

⚫   *Free* -Parties do not have to pay for the arbitrator's fee.

⚫   *Fast* -Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

⚫   *Informal* -The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

## What are the Disadvantages of Using Judicial Arbitration?

⚫   The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

## How Does Judicial Arbitration Work in San Mateo County?

⚫   During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

⚫   Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC.  The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

⚫   Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

>   o   For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

⚫   After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

⚫   If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

⚫   Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

**For more information, visit the court website at www.sanmateocourt.org/adr or contact  Judicial Arbitration: 400 County Center, Redwood City, CA 94063. Phone: (650) 599-1070 or (650) 599-1073 and Fax: (650) 599-1754**

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 [Sept, 2010, Revised Jan. 2013] www.sanmateocourt.org

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):
☐ Voluntary Mediation ☐ Binding Arbitration (private)
☐ Neutral Evaluation ☐ Settlement Conference (private)
☐ Non-Binding Judicial Arbitration CCP 1141.12 ☐ Summary Jury Trial   ☐ Other: _____

Case Type: _____

Neutral's name and telephone number: _____ Date of session: _____

(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

_____
Original Signatures

Type or print name of ☒Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
(Signature)
Attorney or Party without attorney

## IT IS SO ORDERED:

Date: _____

_____
Judge of the Superior Court of San Mateo County

Stipulation Form 2006, rev. 2012

# ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3),* all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Attention: Case Management Conference Clerk
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

## If Filing the Stipulation Prior to an Initial Case Management Conference
To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

## If Filing Stipulation Following a Case Management Conference
When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

## Post-ADR Session Evaluations
*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

## Non-Binding Judicial Arbitration
Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at (650) 599-1070 or (650)599-1073.

Stipulation Form 2006, rev. 2012

Superior Court of California, County of San Mateo

## CHAPTER 2.  CIVIL TRIAL COURT MANAGEMENT RULES
### PART 1.  MANAGEMENT DUTIES

Rule 2.2    Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2.  CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following: (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a)    Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)    To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)    To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)    To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution.  Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)    In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)    Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed.  The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions):

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

  (A)     A blank copy of the Judicial Council Case Management Statement;

  (B)     A copy of Local Rule 2.3;

  (C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

  (A)     A blank copy of the Judicial Council Case Management Statement;

  (B)     A copy of Local Rule 2.3;

  (C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

  (A)     Time to serve may be extended for good cause: Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 –3.1206,* within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a

date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)    Additional extension of time if uninsured motorist arbitration is pending. In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)    Time to respond may be extended for good cause: Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)    Case management conference

(1)    Date of conference: Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2)    Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)    Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)    The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)    The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)    Designation of trial counsel: Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference. If such counsel is not specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)    Conference orders: At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)    An order referring the case to arbitration, mediation or other dispute resolution process;

(B)    An order transferring the case to the limited jurisdiction of the superior court;

(C)    An order assigning a trial date;

(D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)    An order scheduling the exchange of expert witness information;

(H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

(A)    Reference CRC, Rule 3.670

(B)    Procedure. Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings. A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing. Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office. There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall. CourtCall will fax confirmation of the request to parties.

(C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

(D)    At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation). If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff. If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically

Superior Court of California, County of San Mateo

        appeared at the mandatory ADR referral.  If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)     Case Management Statement

        At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement.  If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)    Appropriate Dispute Resolution, ADR, Policy Statement

        The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees.  Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement.  Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)    Stipulations to Arbitration

      (1)     If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration.  A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference.  A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

      (2)     It is the policy of this court to make every effort to process cases in a timely manner.  Parties who elect or are ordered by the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

        Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled *"Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing."*  Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)].  Continuances without adequate grounds will not be considered.  A case management judge will either grant or deny the request for continuance.  If the request is denied, the case may be assigned a trial date.  If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

      (3)     Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court.  The Stipulation must state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)     Stipulations to Private ADR

Superior Court of California, County of San Mateo

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days.  The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel.  The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider.  Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     <u>ADR Program Complaint Policy</u>  If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first.  In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator.  (For complete complaint procedure guidelines, see court web site: www.sanmateocourt.org/adr/civil)

(7)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator.  In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly.  All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)     Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)     Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)     Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules.  The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

## Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)     A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)     An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)     An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)     An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar.  Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

## Rule 2.4  Settlement Conference

Reference: California Rule of Court, rule 3.138.

(a)     At all settlement conferences, notwithstanding any other Rule:

(1)     The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

(2)     Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

CHAMARIE SPEARS, on behalf of herself and
all persons similarly situated,

        Plaintiff,

  v.

VITALANT; and DOES 1 through 50,

        Defendants.

Case No.: 22-CIV-03291

Assigned for All Purposes to Hon. Danny Y. Chou

**CASE MANAGEMENT ORDER #1**

# FILED

SAN MATEO COUNTY

AUG 2 2 2022

Clerk of the Superior Court

By _____
DEPUTY CLERK

Pursuant to the order entered on August 12, 2022 assigning this case – which had been previously designated as complex – for all purposes to Judge Danny Y. Chou in Department 22 of this Court, IT IS HEREBY ORDERED as follows:

**GENERAL MATTERS**

1. All parties are expected to be familiar with the San Mateo County Superior Court Local Rules, the California Rules of Court (CRC), and the Deskbook on the Management of Complex Civil Litigation.

2. All counsel are expected to adhere to the provisions of the California Attorney Guidelines of Civility and Professionalism (State Bar of the State of California, adopted July 20, 2007) – available at http://www.calbar.ca.gov/Portals/0/documents/ethics/Civility/Atty-Civility-Guide-Revised_Sept-2014.pdf).

3. The Court expects all counsel to communicate regularly with each other about hearing dates, progress of the case, and settlement possibilities. Meeting and conferring with opposing counsel on procedural and substantive issues is required.

4. Continuances of hearing and trial dates are discouraged. But if a continuance is necessary, it must still be approved by this Court. Continuances by stipulation are not permitted without prior

CASE MANAGEMENT ORDER #1 - 1

1   approval of the Court, and only to a date pre-approved by the Court. Please email the Clerk for

2   Department 22 at both dept22@sanmateocourt.org and complexcivil@sanmateocourt.org for

3   available dates before contacting opposing counsel. If preliminary approval is given, a written

4   stipulation must be provided before the hearing or trial date. Faxed or electronic signatures on

5   stipulations are permitted.

6   5.  If a case settles before a hearing or trial date, the parties must notify the Clerk for Department 22

7   by telephone and email (dept22@sanmateocourt.org and complexcivil@sanmatecourt.org) as

8   soon as the disposition is agreed upon and must file either a Notice of Settlement, Request for

9   Dismissal, a Stipulation for Entry of Judgment, or a Judgment on Stipulation that is ready for the

10   Court's signature. If the applicable document is not ready, counsel must appear at the time

11   scheduled for hearing and recite the settlement for the record.

12   6.  The parties and their counsel must provide the Clerk for Department 22 with an email service

13   list. This list will be used by the Court to send any communications to all parties. It is the parties'

14   responsibility to make sure that the email addresses on this list are accurate. At the first case

15   management conference with Department 22, each party must indicate whether he/she/it/they

16   will agree to email service by the Court. If the party agrees to email service on the record, then

17   that party will only receive the Court's orders by email and will not receive any orders by mail.

18

19   **GENERAL -- FILINGS AND CORRESPONDENCE**

20   7.  Pursuant to Code of Civil Procedure section 1010.6, subdivision (c), all documents in Complex

21   Civil actions (with the exception of the original documents specified in paragraph 8 below) must

22   be filed electronically. The documents (other than exhibits) must be text searchable. Please visit

23   www.sanmateocourt.org for more information on e-filing. Please note that any exhibits to

24   electronically filed briefs, declarations, or other documents must be electronically "bookmarked"

25   as required by CRC Rule 3.1110(f)(4).

26   8.  Until further order of this Court, the following original documents must still be filed or lodged in

27   hardcopy paper with the Civil Clerk's Office located in the Hall of Justice, First Floor, Room A,

28   400 County Center, Redwood City, California:

    (a)    Ex parte motions, oppositions to ex parte motions, and all supporting papers

    (b)    Stipulations and proposed orders

    (c)    Proposed judgments

    (d)    Abstracts of judgment

    (e)    Appellate documents, including notices of appeal

    (f)    Administrative records

9. Pursuant to Code of Civil Procedure section 1010.6, subdivision (c) and California Rules of Court, rules 2.253(c) and 2.251(c), all parties and their counsel must serve all documents electronically, and accept service of all documents electronically from all other parties, in conformity with Code of Civil Procedure section 1010.6 and the California Rules of Court, except when personal service is required by statute.

10. One extra copy of each document filed in this action must be served directly on Department 22. Department 22 prefers that any such filing be served electronically at the following two email addresses: dept22@sanmateocourt.org and complexcivil@sanmateocourt.org. Please add these two email addresses to your e-service list for this case as to any papers filed with the Court. If a party is unable to email the filing to those addresses, then that party may deliver the filing by hand or by overnight mail directly to Department 22 located at Courtroom K, 1050 Mission Road, South San Francisco, California 94080. Please do not leave the Judge's copy of any such filing with the Clerk's office.

11. Please do not fax any documents to Department 22. There is no dedicated fax line for Department 22, and your documents may get lost and never reach the Court.

12. All correspondence to Department 22 regarding this case – including informal discovery conference briefs, requests to take matters off calendar, and requests for scheduling must be submitted by email to the following two addresses: dept22@sanmateocourt.org and complexcivil@sanmateocourt.org. These email addresses are used by the Court in this matter solely for the purpose of receiving correspondence and filings. They are not to be used for the purpose of back-and-forth communications with the judge. Please note that communications sent

1   to these email addresses are not part of the official court files – i.e., they are not "filed"

2   documents – and may be subject to deletion or destruction after 30 days.

3   13. All email correspondence to Department 22 at dept22@sanmateocourt.org and

4   complexcivil@sanmateocourt.org must include the case name, case number, and judge's last

5   name – i.e., Smith v. Jones, 18CIV1234, Chou – in the "subject line" header and should be

6   copied to all counsel or persons appearing in propria persona.

7

8   **CASE MANAGEMENT CONFERENCES**

9   14. The Court holds case management conferences for its complex cases on **Thursday morning.**

10  15. The first case management conference is generally scheduled approximately 120 days after the

11  action is filed. Plaintiff is required to give notice of this conference date to all other parties unless

12  otherwise ordered by the Court.

13  16. After the first conference, future case management conferences are scheduled as necessary to

14  monitor the progress of the case and to assist counsel and the parties as the matter progresses.

15  Counsel thoroughly familiar with the case must attend all case management conferences.

16  17. Judicial Council Form CM-110, Civil Case Management Statement (required by CRC 3.725(c))

17  is not well-suited for complex cases. Accordingly, the parties shall file a joint case management

18  conference statement no later than six (6) calendar days before the hearing for each conference

19  that includes the following:

20  (a)   A brief objective summary of the case.

21  (b)   A summary of any orders from prior case management conferences and the progress of

22         the parties' compliance with those orders.

23  (c)   A summary of the status of discovery, including a description of all anticipated discovery

24         and incomplete or disputed discovery issues.

25  (d)   Anticipated motions, including a proposed briefing schedule when applicable.

26  (e)   A summary of any significant procedural or practical problems that are likely to arise in

27         the case such as (this list is not intended to be exhaustive or applicable to every case):

28         (1)   unserved parties and reasons for the failure to serve;

CASE MANAGEMENT ORDER #1 - 4

(2)    unserved or unfiled cross-complaints;

(3)    related actions pending in any jurisdiction, a brief description of those actions (including their current procedural posture), and the potential for coordination or consolidation;

(4)    jurisdictional or venue issues that may arise;

(5)    severance of issues for trial; and

(6)    calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

(f)    Status of settlement or mediation.

(g)    Suggestions for efficient management of the case, including a proposed discovery plan and timeline of key events (including proposed dates for future law and motion and trial).

(h)    Any other matters that the parties believe will assist the Court in determining an effective case management plan.

(i)    A proposed date for the next CMC.

## EX PARTE APPLICATIONS

18. Ex parte appearances are discouraged except in unusual situations. Hearing dates for ex parte applications must be coordinated by email with the Clerk for Department 22 at dept22@sanmateocourt.org and complexcivil@sanmateocourt.org. The Court hears ex parte applications on **Thursday at 1:30 p.m.** or **Friday at 1:30 p.m. If possible, the Court prefers to have ex parte applications heard on Friday.** The Court's consideration of an ex parte application will not interfere with or delay any trial in progress. Strict compliance with California Rules of Court, rules 3.1200-3.1207 is required.

19. All papers necessary to the determination of the application, including any proposed pleading, motion, or order, must be submitted, preferably by email to both dept22@sanmateocourt.org and complexcivil@sanmateocourt.org, directly to Department 22 by noon the court day before the scheduled ex parte hearing date. Counsel may contact the Clerk for Department 22 to inquire if oral argument will be permitted, or if the Court will rule based on the written papers.

20. The Court is eager to assist counsel when specific problems arise that may not require a formal motion. To arrange a conference with the Court that all counsel agree is advisable, please contact the Clerk for Department 22 by email at dept22@sanmatecourt.org and complexcivil@sanmatecourt.org to schedule a time for the conference. This informal conference will be conducted by videoconference or audioconference unless otherwise indicated by the Court. For these informal conferences, briefs on court pleading paper not to exceed three (3) pages – which must be served – may be submitted by email to the Court at dept22@sanmateocourt.org and complexcivil@sanmatecourt.org.

### DISCOVERY

21. All discovery methods under the Code of Civil Procedure, including but not limited to notices of deposition, special interrogatories, form interrogatories, requests for production of documents, and requests for admission, must be served electronically upon counsel for the parties. All discovery responses by a party in response to discovery propounded by another party must be provided in electronic form, unless the parties agree otherwise in writing. Counsel for the parties must meet and confer regarding the possible establishment of a joint electronic document depository for uploading and downloading electronic document productions.

22. Discovery meet and confer obligations require an in-person or video conference between counsel and persons appearing in propria persona unless otherwise ordered by the Court. If a resolution is not reached, the parties must meet with the Court for all discovery-related matters in an informal discovery conference (IDC) before filing any discovery motion unless otherwise authorized by the Court. No discovery motion will be heard without in IDC.

23. Requests for an IDC may be made, after meaningful meet and confer, by sending an email to both dept22@sanmateocourt.org and complexcivil@sanmateocourt.org, copied to all counsel. The Court will provide proposed dates. Parties are to meet and confer as to availability for the proposed dates. If one or more parties are not available on the proposed date(s), additional dates may be requested. The Court will inform the parties whether the IDC will be conducted by audioconference or videoconference or in person. The Court will also consider requests from

1  depositions in progress. IDCs may <u>not</u> be recorded by any party and may <u>not</u> be reported by any

2  court reporter.

3  24. For the IDC, each side must serve and email to the Court at <u>both</u> dept22@sanmateocourt.org and

4  complexcivil@sanmateocourt.org a short brief on court pleading paper, limited to no more than

5  five (5) pages, at least three (3) court days before the IDC. The requesting party's brief shall

6  include the subject discovery requests and discovery responses (if any) attached as exhibits.

7  25. Pursuant to Code of Civil Procedure section 2016.080, subdivision (c)(2), the time for bringing

8  any motion to compel or any other discovery motion is tolled on the date a party makes the email

9  request for an IDC to the Court. All requests for an IDC must be made well before the expiration

10  of the statutory time to bring a motion to compel or other discovery motion.

11

12  ## LAW AND MOTION

13  26. This Court believes that pre-filing conferences between counsel may be useful in avoiding

14  useless or unnecessary motions. Therefore, before the hearing of any motion, petition, or

15  application, except applications to appear pro hac vice and motions to withdraw as counsel of

16  record, all counsel and persons appearing in propria persona shall confer in a good faith attempt

17  to eliminate the necessity of the hearing or to resolve as many disputes as possible. Counsel for

18  the moving party shall arrange the conference to meet and confer at least three (3) calendar days

19  before the hearing and shall submit to the Court at least one (1) day before the hearing a

20  declaration establishing that the meet and confer conference occurred and describing any

21  agreements that counsel have reached.

22  27. Hearings may be scheduled by contacting the Clerk for Department 22 by email at <u>both</u>

23  dept22@sanmateocourt.org and complexcivil@sanmateocourt.org. The Court hears motions in

24  its complex cases on **Thursday morning**. Counsel must first clear the proposed hearing date(s)

25  with the other parties before contacting the Clerk. Counsel for the moving party must provide the

26  Court with the name of the case, the case number, the type of hearing, the hearing date(s)

27  requested, and the name and telephone number of the filing attorney.

28

28. Any reply must be filed at least two (2) weeks before the hearing date. Although the Court imposes no other deadlines for motions in its complex cases, the Court strongly encourages the parties to agree to a briefing schedule. So long as any reply is filed at least two (2) weeks before the hearing date, the parties may agree on any briefing schedule and submit a stipulation and proposed order with the agreed upon schedule for the Court's signature.

29. Motions or applications to seal must be heard no later than any motion relying on the materials for which sealing is sought. Upon denial of a motion or application to seal, the moving party must notify the Court that the materials are to be filed unsealed (CRC 2.551(b)) or refrain from relying on the materials, which will not be part of the record.

30. When the Court sustains a demurrer or grants a motion to strike with leave to amend and an amended pleading is filed, the plaintiff or cross-complainant must file with its opposition to any successive demurrer or motion to strike a redline comparing the amended pleadings to the previous version of the pleading unless otherwise ordered by the Court.

31. As to discovery motions, the parties are relieved of their obligation under rule 3.1345 of the California Rules of Court to file a separate statement. Instead, the parties must (1) attach the discovery request(s) or deposition question(s) at issue and the written response(s), if any, to the declaration submitted in support of the discovery motion; and (2) submit a concise outline of the discovery request and each response in dispute pursuant to Code of Civil Procedure section 2030.300, subdivision (b)(2).

32. Counsel for the moving parties must notify the Clerk for Department 22 by telephone and by email at both dept22@sanmatecourt.org and complexcivil@sanmateocourt.org as soon as possible regarding any matter to be taken off calendar or continued. Notices of continuance of any hearing must be provided by the moving party.

33. Pursuant to CRC Rule 3.113(i), Department 22 does not require an appendix of non-California authorities in connection with any memoranda submitted in connection with any motion unless otherwise ordered by the Court with the following exception: Because the Court only has access to non-California authorities via WESTLAW – and NOT via LEXIS – any authorities that are not reported in an official reporter and that are cited must either be: (1) cited using the

1      WESTLAW citation or a citation accessible through WESTLAW; or (2) provided to Department

2      22 by email at <u>both</u> dept22@sanmateocourt.org and complexcivil@sanmateocourt.org.

3   34. The Court believes strongly in the importance of training the next generation of trial lawyers.

4      This training needs to include substantive speaking opportunities in court. The Court therefore

5      strongly encourages the parties and senior attorneys to allow the participation of junior lawyers

6      in all court proceedings, particularly in arguing motions where the junior lawyer drafted or

7      contributed significantly to the motion or opposition.

8   35. The Court typically issues tentative rulings or a list of issues that the Court would like the parties

9      to address at the hearing. The Court will post or email its tentative ruling or list of issues to the

10     parties using the service list provided by the parties by 1:30 p.m. at least one court day before the

11     scheduled hearing. If any party intends to contest the tentative ruling at the hearing, that party

12     must notify the other parties and the Clerk for Department 22 by email at <u>both</u>

13     dept22@sanmateocourt.org and complexcivil@sanmateocourt.org by 4:00 p.m. at least one court

14     day before the scheduled hearing. Otherwise, the tentative ruling will become the order of the

15     Court.

16

17                **SETTLEMENT CONFERENCES AND MEDIATIONS**

18   36. <u>No</u> case will be tried before a good faith effort is made to settle. The Court strongly encourages

19      the parties to engage in discussions to resolve the matter throughout the litigation, including

20      voluntary mediations.

21   37. The Court may also order mandatory settlement conferences before a judge or a special master.

22      The mandatory settlement conference will not be conducted by the trial judge unless the parties

23      agree.

24   38. Trial counsel, parties, and persons with full authority to settle the case must personally attend

25      any mandatory settlement conferences unless excused by the Court. Failure to appear will result

26      in the imposition of sanctions.

27   39. Settlement Conference Statements must be filed at least five (5) court days before the scheduled

28      conference.

40. Any request for a waiver of the requirement to personally appear at the Mandatory Settlement Conference, whether conducted by a judge or a special master, must be made by written application to the Court.

## SUMMARY TABLE OF PRETRIAL DEADLINES

| EVENT | DEADLINE |
|---|---|
| Serve (but not file):<br>1. Proposed motions in limine;<br>2. Proposed jury instructions;<br>3. Proposed verdict form(s);<br>4. Proposed witness lists; and<br>5. Proposed exhibit lists | At least 42 days before the Pretrial Conference |
| Meet and confer regarding pretrial conference – including motions in limine, proposed jury instructions, proposed juror questionnaire (if any), proposed verdict form(s), proposed statement of the case, and witness and exhibit lists | At least 35 days before the Pretrial Conference |
| File and serve motions in limine and oppositions to motions in limine | At least 21 days before the Pretrial Conference |
| File joint pretrial conference statement with:<br>1. Proposed jury instructions;<br>2. Proposed verdict form(s);<br>3. Proposed voir dire and juror questionnaire (if any);<br>4. Proposed statement of the case;<br>5. Witness lists;<br>6. Exhibit lists, including any disputed exhibits; and<br>7. Binders with motions in limine, oppositions, and declarations and/or requests for judicial notice | At least 14 days before the Pretrial Conference |
| Pretrial Conference | At least 14 days before the Trial Date |
| Deliver set of trial exhibits in binders and on thumb drive to the Court | At least 7 days before the Trial Date |

## INTRODUCTION TO PRETRIAL REQUIREMENTS

41. The parties must make every effort to raise and, if possible, resolve pretrial and trial issues early. While the Court understands that trial is not entirely predictable, the parties must frontload all evidentiary and legal disputes to the extent possible. Issues that surface unnecessarily on the eve of trial or during trial waste the jury's time and are strongly disfavored. With this understanding, **ALL DEADLINES AND REQUIREMENTS IMPOSED BY THIS ORDER ARE SUBJECT TO MODIFICATION AT THE DISCRETION OF THE COURT**.

42. Some of the requirements only apply to jury trials – i.e., the requirements for jury instructions, jury questionnaire, proposed verdict form(s), and statement of the case. These requirements obviously do not apply to court trials. But all other requirements – i.e., the requirements for motions in limine, witness lists, trial exhibits, and meet and confer – and corresponding deadlines do apply to court trials.

## MOTIONS IN LIMINE

43. The parties are encouraged to resolve as many trial issues by stipulation as possible. The parties shall meet and confer no later than 35 days before the Pretrial Conference to determine whether any evidentiary issues may be resolved by stipulation. No party may file a motion in limine without first making a good faith effort to resolve the evidentiary issue with the opposing party.

44. Motions in limine and their oppositions must be filed no later than 21 days before the Pretrial Conference. No replies will be permitted without leave of the Court.

45. Each party must submit a tabbed binder with its motions in limine in numerical order with the opposition immediately behind the motion within the same tab. Any declarations or requests for judicial notice submitted by the parties in support of or in opposition to the motions in limine along with any attached exhibits must be submitted in a separate tabbed binder. The binders must be submitted to the Court with the Joint Pretrial Conference Statement.

46. Each motion in limine should address a single, separate topic and shall be limited to five (5) pages in length unless otherwise permitted by the Court. Each motion should be clearly identified as "_____'s Motion in Limine No. ___ Re: _____."

47. Each opposition is also limited to five (5) pages in length unless otherwise permitted by the Court.

48. Each party shall file only one (1) declaration and/or one (1) request for judicial notice to support all motions in limine and one (1) declaration and/or one (1) request for judicial notice to support all oppositions to motions in limine. The parties do not have to include a copy of the operative complaint.

49. Each party shall also submit a hard copy and a Word version of all proposed orders. Each proposed order must provide enough specificity so that a witness will be able to understand what testimony is prohibited.

50. The motions shall be heard at the Pretrial Conference or at such other time as the Court may direct.

## JURY INSTRUCTIONS

51. The parties shall file a joint set of proposed jury instructions, arranged in the order the parties propose the Court give the instructions, with the Joint Pretrial Conference Statement.

52. The parties are invited to use the Judicial Council of California Civil Jury Instructions (CACI). Any modifications made to a form instruction must be plainly identified.

53. Instructions upon which the parties agree shall be identified as "Stipulated Instruction No. ____ Re: _____," with blanks filled in as appropriate.

54. If the parties disagree on an instruction, each party's proposed version of the disputed instruction shall be provided and identified as "Disputed Instruction No. ____ Re: _____ Offered by _____," with blanks filled in as appropriate. All proposed versions of the same instruction shall bear the same number. Following each disputed instruction, each party shall explain, in no more than one page, why the Court should give that party's proposed instruction or why the instruction should or should not be given.

55. Any changes to the proposed jury instructions ordered by the Court must be made by the parties and submitted to the Court by the deadline set by the Court at the Pretrial Conference or by any other deadline set by the Court.

## VERDICT FORM(S)

56. The parties shall file either joint proposed verdict form(s) or, if they disagree, separate proposed verdict forms with the Joint Pretrial Conference Statement.

57. Any changes to the proposed verdict form(s) ordered by the Court must be made by the parties and submitted to the Court in Word format by the deadline set at the Pretrial Conference or by any other deadline set by the Court.

## VOIR DIRE AND JURY QUESIONNAIRE (IF ANY)

58. The Court will conduct the initial voir dire guided by the Standards of Judicial Administration § 3.25(c). If the parties want the Court to ask any particular questions from those Standards or any additional questions, they should jointly submit those questions (and any objections) with the Joint Pretrial Conference Statement.

59. If the parties wish to use a jury questionnaire, the parties must file a joint proposed jury questionnaire or, if they disagree, separate proposed jury questionnaires with the Joint Pretrial Conference Statement.

## PROPOSED STATEMENT OF THE CASE

60. The parties must file a joint proposed statement of the case to be read to the jury during voir dire with the Joint Pretrial Conference Statement. This statement should not exceed one-page double spaced if possible. The statement should also be neutral rather than argumentative. The parties shall also include the names of attorneys and witnesses to be read to the jury. See Standards of Judicial Administration § 3.25(b).

## WITNESS LISTS

61. Each party must file a list of all the witness that the party intends to call at trial with the Joint Pretrial Conference Statement.

62. The witness list must be in tabular form and contain the following:

    a.    Name of the witness;

    b.    Title of the witness, if any;

    c.    Brief description of the subject matter of the witness' anticipated testimony; and

    d.    Estimated length of the direct examination, cross-examination, and rebuttal.

63. Any witness who is not identified on a party's witness list is subject to exclusion in the reasonable exercise of the Court's discretion.

## TRIAL EXHIBITS

64. Each trial exhibit shall be clearly pre-marked with the trial exhibit number. The defendant's exhibit numbers shall be sequenced to begin after the plaintiff's exhibit numbers.

65. Exhibits shall be numbered. No letters may be used. The parties must agree on a block of numbers to fit the needs of the case (e.g., the plaintiff has exhibits 1-100; the defendant has exhibits 101-200), and make a good faith effort to avoid marking the same exhibit in their respective blocks. If the exact same exhibit is marked by more than one party, then the defendant shall withdraw the duplicative exhibit (but should not renumber its portion of the exhibit list). If there is any dispute over which portions of an overlapping exhibit should be introduced into evidence, the parties shall meet and confer in an attempt to informally resolve the issue. If the parties are unable to informally resolve the dispute, then each party shall submit its disputed exhibit with the Joint Pretrial Conference Statement and explain, in no more than one double-spaced page, why the Court should use its proposed exhibit.

66. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. ___" – and not as "Plaintiff's Exhibit" or "Defendant's Exhibit."

67. Each party must file an exhibit list identifying all the exhibits that the party intends to introduce at trial with the Joint Pretrial Conference Statement.

68. The exhibit list must be in tabular form and contain the following:

    a.    Exhibit number;

    b.    Brief description of the exhibit (with any bates numbers if they exist);

    c.    Sponsoring witness;

    d.    Date marked for identification (left blank); and

    e.    Date admitted into evidence (left blank).

69. Each party must provide the Court with a complete set of exhibits that the party intends to introduce at trial in both hardcopy in tabbed binders and on a thumb drive at least seven (7) days before the Trial Date. Each party will be expected to place the official exhibit stamp on each document; the exhibit tabs may be obtained from the courtroom clerk. The Court may require additional copies of those exhibits for trial, including separate exhibit binders for each witness.

70. <u>Any exhibit that is not identified on a party's exhibit list is subject to exclusion in the reasonable exercise of the Court's discretion.</u>

## MEET AND CONFER RE: PRETRIAL ISSUES

71. At least 42 days before the Pretrial Conference, each party must serve (but NOT file) its proposed motions in limine, proposed jury instructions, proposed verdict form(s), proposed witness list, and proposed exhibit list. <u>Anything that is not included in these served documents – i.e., motions in limine, witnesses, or exhibits – may be subject to denial or exclusion in the reasonable exercise of the Court's discretion.</u>

72. All parties must meet and confer regarding motions in limine, jury instructions, verdict form(s), jury questionnaire (if any), a statement of the case, witness and exhibit lists, a joint pretrial conference statement, and any other issues that may arise at trial no later than 35 days before the Pretrial Conference. The meet and confer must include discussions in person or by videoconference. If the parties wish to meet and confer by telephone, they must obtain permission from the Court.

73. During the meet and confer, the parties must engage in a good faith effort to:

   a.  Resolve any issues raised in the motions in limine;

   b.  Resolve any disputes over the jury instructions;

   c.  Resolve any disputes over the verdict forms;

   d.  Agree on a proposed jury questionnaire (if any);

   e.  Agree on a proposed statement of the case to be read to the jury during voir dire;

   f.  Resolve any disagreements over witnesses and exhibits to be introduced at trial; and

   g.  Stipulate to any relevant facts that can be incorporated into the record without supporting testimony or exhibits.

74. Wherever possible, the parties shall stipulate to the admissibility of any exhibits. If a stipulation is not possible, then the parties shall make every effort to stipulate to the authenticity and foundation for an exhibit absent a legitimate objection.

## PRETRIAL CONFERENCE STATEMENT

75. The parties must file a Joint Pretrial Conference Statement at least 14 days before the Pretrial Conference. The Statement must include the following:

a.   <u>Substance of the Action</u>: A brief description of the parties, the claims and defenses that remain to be decided (including whether any issues are for the Court to decide rather than the jury), and the operative pleading, including the date of filing, that raises these claims and defenses.

b.   <u>Relief Requested</u>: A detailed statement of all requested relief that itemizes all elements of damages that are claimed.

c.   <u>Undisputed Facts</u>: A plain and concise statement of all relevant facts to which the parties will stipulate for incorporation into the record without supporting testimony or exhibits or that are undisputed.

d.   <u>Settlement Discussions</u>: A brief description of the efforts the parties have made to settle the case and a brief statement about whether the parties believe that further negotiations are likely to be productive and what, if anything, would facilitate settlement.

e.   <u>Estimate of Trial Length</u>: An estimate of the number hours needed for the presentation of each party's case.

d.   <u>Miscellaneous</u>: Any other matters that will facilitate the just, speedy, and efficient resolution of the case.

76. The parties shall include the following documents in accordance with this order with their Joint Pretrial Conference Statement:

a.   Proposed jury instructions;

b.   Proposed verdict form(s);

c.   Proposed voir dire and jury questionnaire (if any);

d.   Proposed statement of the case;

e.   Each party's witness list;

f.   Each party's exhibit list, including any disputed exhibits; and

g.   Binders containing the party's motions in limine, any oppositions, and any declarations or requests for judicial notice in support thereof.

77. The parties shall also email the proposed jury instructions, proposed verdict form(s), proposed jury questionnaire (if any), proposed statement of the case, and proposed orders in Word format to the Court.

## PRETRIAL CONFERENCE

78. A Pretrial Conference will occur at least 14 days before the Trial Date. Lead trial counsel for each party <u>must</u> attend.

79. At the Pretrial Conference, each party should be prepared to argue and discuss:

    a.     Motions in limine;

    b.     Jury instructions;

    c.     Voir dire;

    d.     Jury questionnaires (if any);

    e.     Verdict form(s);

    f.     Proposed statement of the case;

    g.     Witnesses;

    h.     Exhibits;

    i.     Stipulation(s); and

    j.     Any other issues relating to the trial.

## MISCELLANEOUS

80. The initial Case Management Conference scheduled for November 9, 2022 is VACATED.

81. The initial Case Management Conference is reset for **November 10, 2022** at **9:00 a.m.** The conference will occur by audio or video conference unless otherwise ordered by the Court. The Zoom login credentials for Department 22 can be found on the Court's web site at: http://www.sanmateocourt.org/court_divisions/civil/dept22.php. If any party wishes to appear in person, that party MUST notify the Court at least two (2) days before the Conference.

82. By the date of the Conference, the parties shall provide the Clerk with an email service list as required by this Order and shall be prepared to indicate whether they agree to email service from the Court.

83. Discovery in this matter is STAYED pending the initial Case Management Conference.

84. Any recording of a court proceeding held by video or audio conference, including "screen-shots" or other visual or audio copying of a hearing or conference IS PROHIBITED unless otherwise permitted by the Court. Violation of these prohibitions may result in sanctions, including

1  restricted entry to future hearings and conferences, denial of entry to future hearings and

2  conferences, removal of Court-issued media credentials, or any other sanctions deemed

3  appropriate by the Court.

4  85. Plaintiff(s) shall serve a copy of this order upon all parties, or their designated counsel, who have

5  not yet appeared in this case, including any and all parties added to this action and/or cross-

6  action(s) after the issuance of this order, and file a proof of service.

7

8

9  Dated: Aug. 22, 2022

10  Danny Y. Chou
    Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE MANAGEMENT ORDER #1 - 18



**SUPERIOR COURT OF SAN MATEO COUNTY**

400 County Center          800 North Humboldt Street
Redwood City, CA 94063          San Mateo, CA 94401

(650) 261-5100
www.sanmateocourt.org

# FILED

**SAN MATEO COUNTY**

8/22/2022

**Clerk of the Superior Court**

/s/ Jane Torres

DEPUTY CLERK

## AFFIDAVIT OF E-MAIL SERVICE

Date:                **8/22/2022**

In the Matter of:    **CHAMARIE SPEARS vs. VITALANT, a Corporation**

Case No.:            **22-CIV-03291**

Document:            **CASE MANAGEMENT ORDER #1**

I declare under penalty of perjury that on the following date I sent by electronic mail, a true copy of the above listed document(s) addressed to the listed email address(es):

Executed on: 8/22/2022                Neal I Taniguchi, Court Executive Officer/Clerk

                                    By:  /s/ Jane Torres
                                         Jane Torres, Deputy Clerk

Copies Mailed To:

NICHOLAS J DE BLOUW
BLUMENTHAL NORDREHAUG BHOWMIK DE
BLOUW LLP
2255 CALLE CLARA
LA JOLLA CA 92037

**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1ˢᵗ Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

FOR COURT USE ONLY

# FILED

## SAN MATEO COUNTY

8/12/2022

**Clerk of the Superior Court**

/s/ Unaloto Finau

DEPUTY CLERK

| | |
|---|---|
| PETITIONER/PLAINTIFF: **CHAMARIE SPEARS** | |
| RESPONDENT/DEFENDANT: **VITALANT, A CORPORATION; DOES 1 THROUGH 50, INCLUSIVE** | |
| **NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF A CASE MANAGEMENT AND TRIAL SETTING CONFERENCE, AND COMPLEX FEES DUE** | CASE NUMBER: **22-CIV-03291** |

This case has been filed by Plaintiff(s) as a provisionally complex case and/or a putative class action and/or a PAGA representative action. Pursuant to Local Rule 3.300(a), this action is automatically deemed a "complex case". This case is assigned for all purposes to the Honorable: **Danny Y. Chou** in **Department 22**, located at **800 North Humboldt Street, San Mateo, CA 94401**.

ASSIGNED DEPARTMENT INFORMATION

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Danny Y. Chou | 650-261-5122 | Dept22@sanmateocourt.org |

**A Case Management and Trial Setting Conference is set for** 11/9/2022 at **2:00 PM** in **Department 22** of this Court. In anticipation of the Case Management and Trial Setting Conference, counsel for the parties should be prepared to discuss at the hearing and file and serve written Case Management and Trial Setting Conference statements (**in prose and details, not using the standardized Judicial Council form**) with a courtesy copy emailed to complexcivil@sanmateocourt.org AND to Dept22@sanmateocourt.org **at least five court days prior to the Conference,** as to the following:

    a.  Status of Pleadings and Appearance of all Named Parties;

    b.  Status of Discovery, including status of document production, status of depositions, status of completion of merits discovery, and status of expert discovery;

    c.  Status of Settlement or Mediation;

    d.  Listing of All Pending Motions and proposed new hearing date;

    e.  Any anticipated motions and proposed briefing schedule; and

    f.  Any other matters for which the parties seek Court ruling or scheduling.

**Pursuant to Government Code Section 70616, the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case.** Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly. Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Rev. Dec. 2020

CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court or ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 8/12/2022

Neal I Taniguchi, Court Executive Officer/Clerk

By:  /s/ Unaloto Finau
     Unaloto Finau, Deputy Clerk

Notice being served on:

NICHOLAS J DE BLOUW
BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
2255 CALLE CLARA
LA JOLLA, CA  92037

Rev. Dec. 2020